**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number (*if known*) _____    Chapter    **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **LVI Intermediate Holdings, Inc.** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **dba Vision Group Holdings**<br>**fka SD II Eyeglasses Blocker Corp.** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **51-0487674** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1555 Palm Beach Lakes Boulevard, Suite 600**<br>**West Palm Beach, FL 33401** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Palm Beach**<br>County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)    https://www.vgroupholdings.com/

6. Type of debtor
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  __LVI Intermediate Holdings, Inc.__     Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5511**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes

List all cases. If more than 1, attach a separate list

Debtor  **See Rider 1**  Relationship  **Affiliate**
District  **Delaware**  When _____  Case number, if known _____

Debtor  **LVI Intermediate Holdings, Inc.**  Case number (*if known*) _____
      Name

---

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes
    Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☒ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☒ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **LVI Intermediate Holdings, Inc.**  
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **05/29/2020**  
MM / DD / YYYY

X  **/s/ Lisa Melamed**  
Signature of authorized representative of debtor

**Lisa Melamed**  
Printed name

Title  **Interim CEO**

**18. Signature of attorney**

X  **/s/ G. David Dean**  
Signature of attorney for debtor

Date  **05/29/2020**  
MM / DD / YYYY

**G. David Dean**  
Printed name

**Cole Schotz P.C.**  
Firm name

**500 Delaware Avenue, Suite 1410**  
**Wilmington, DE 19801**  
Number, Street, City, State & ZIP Code

Contact phone  **(302) 651-2012**     Email address  **ddean@coleschotz.com**

**DE 6403**  
Bar number and State

## RIDER 1

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|     | **Debtors** | **Federal Employer Identification Number** |
| --- | --- | --- |
| 1. | LVI Intermediate Holdings, Inc. | 51-0487674 |
| 2. | Total Vision Institute, LLC | 47-5037571 |
| 3. | QualSight, LLC | 47-5383866 |
| 4. | The LASIK Vision Institute, LLC | 65-0927564 |
| 5. | Cataract Vision Institute, LLC | 47-4787697 |
| 6. | Healthcare Marketing Services, LLC | 47-4789982 |
| 7. | Cataract Vision Institute Florida, LLC | 82-0803423 |
| 8. | TLC Vision Center Holdings, LLC | 45-4105400 |
| 9. | TLC Whitten Laser Eye Associates, LLC | 52-2290182 |
| 10. | TLC Vision Centers, LLC | 46-1248271 |
| 11. | TruVision, LLC | 87-0533399 |
| 12. | TruVision Contacts, LLC | 87-0533399 |
| 13. | Laser Eye Surgery, LLC | 87-0623448 |
| 14. | TLC Laser Eye Centers (Refractive I), LLC | 52-2182702 |
| 15. | TLC The Laser Center (Pittsburgh) L.L.C. | 25-1812881 |
| 16. | TLC The Laser Center (Indiana) LLC | 35-2078456 |
| 17. | TLC The Laser Eye Center (Institute), LLC | 98-0150959 |
| 18. | LVI Missouri, LLC | 20-1647088 |

# LVI INTERMEDIATE HOLDINGS, INC.

### (Chapter 11 Bankruptcy Petitions)

### OMNIBUS AUTHORIZING RESOLUTIONS

### May 27, 2020

The undersigned, being (i) all of the members of the Board of Directors (the "**Board**") of each of (A) **LVI SUPER INTERMEDIATE HOLDINGS, INC.**, a Delaware corporation ("**LVI Super Intermediate**"), (B) **LVI HOLDCO, LLC**, a Delaware limited liability company ("**LVI Holdco**"), (C) **LVI INTERMEDIATE HOLDINGS, INC.**, a Delaware corporation (the "**Company**"), and (D) the direct and indirect, wholly-owned subsidiaries of the Company set forth on **Schedule I** attached hereto (each, a "**Subsidiary**" and collectively, the "**Subsidiaries**"), and (ii) the sole Member of **TLC VISION CENTERS, LLC**, a Delaware limited liability company ("**TLC**"), which in turn holds a direct and/or indirect interest in the Subsidiaries noted in **Schedule I** as "TLC Subsidiaries" (collectively, the "**TLC Subsidiaries**"), do hereby consent to and adopt the following resolutions:

#### RATIFYING RESOLUTIONS

**WHEREAS,** the Board deems it in the best interests of LVI Super Intermediate, LVI Holdco, the Company, TLC and their respective Subsidiaries, to ratify and affirm the due election, appointment and qualification of certain officers of each of the foregoing.

**NOW THEREFORE, BE IT**:

**RESOLVED**, that the Board hereby ratifies and affirms the due election, appointment and qualification of the following individuals as officers of LVI Super Intermediate, LVI Holdco, the Company, TLC and their respective Subsidiaries, to hold such offices and titles set forth next to each of their names for a term of one (1) year, or until his or her successor is duly elected and qualified, or his or her earlier death, resignation or removal:

Lisa Melamed – Interim Chief Executive Officer and President

Raymond Monteleone – Interim Chief Financial Officer;

and it is further

**RESOLVED**, that any and all actions heretofore taken by the foregoing officers in the name and on behalf of LVI Super Intermediate, LVI Holdco, the Company, TLC and their respective Subsidiaries, in furtherance of the management and operation of the business, affairs, assets and properties of each of the foregoing, be, and the same hereby are, ratified, confirmed and approved in all respects.

## CHAPTER 11 BANKRUPTCY PETITIONS

**WHEREAS**, in light of the Company's current financial condition, the Board has investigated, discussed and considered options for addressing the Company's financial challenges and, after consultation with the Company's advisors, have concluded that it is in the best interests of the Company and each of the Subsidiaries, and their respective creditors, employees and other interested parties that petitions be filed by the Company and Subsidiaries seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, BE IT**:

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and each of the Subsidiaries, and their respective creditors, employees and other interested parties, that petitions be filed by the Company and Subsidiaries seeking relief under the Bankruptcy Code for its own behalf, and on behalf of each Subsidiary (the "**Chapter 11 Cases**"); and it is further

**RESOLVED**, that Lisa Melamed, in her capacity as the Interim Chief Executive Officer and President of LVI Super Intermediate, LVI Holdco, the Company, TLC and each Subsidiary (the "**Authorized Officer**") is hereby authorized, empowered and directed, in the name and on behalf of the Company and each Subsidiary, to execute and verify petitions under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), at such time as the Authorized Officer shall determine; and it is further

**RESOLVED**, that the law firm of Cole Schotz P.C. be, and hereby is retained, as legal counsel for the Company and Subsidiaries in connection with the Chapter 11 Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the financial advisory firm of Alvarez & Marsal Capital be, and hereby is, retained as the financial advisor for the Company and Subsidiaries in the Chapter 11 Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the investment banking firm of Raymond James & Associates, Inc., be, and hereby is, retained as the investment banker for the Company and Subsidiaries in the Chapter 11 Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the firm of Donlin Recano & Company, Inc. be, and hereby is, retained as the claims and noticing agent on behalf of the Company and Subsidiaries in the Chapter 11 Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Authorized Officer (or such other executive officer of the Company that such Authorized Officer may designate) be, and hereby is, authorized, empowered and directed, for and on behalf of the Company and each Subsidiary, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds deemed

necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 Cases; and it is further

**RESOLVED**, that the Authorized Officer (or such other executive officer of the Company that such Authorized Officer may designate) be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company and each Subsidiary, to cause the Company and each Subsidiary to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, including without limitation, the amendment of any organizational, constitutional or similar documents of subsidiaries of the Company for the preservation of such entities and/or the value of the estate, and to take such action as in the judgment of such officer(s) be or become necessary, proper and desirable to effectuate an orderly liquidation of the Company's assets; and it is further

**RESOLVED**, that the Authorized Officer is hereby delegated the authority, consistent with such Authorized Officer's discharge of her fiduciary duties, with the approval of the Board, over implementation and prosecution of the Chapter 11 Cases, including causing the Company and/or all or any portion of the Subsidiaries to enter into one or more restructuring transactions, including a sale of substantially all assets of the Company's and each such Subsidiary's estates, the sale of any real estate, any debtor in possession financing and any plan of reorganization (each, a "**Restructuring Transaction**"); and it is further

**RESOLVED**, that the Authorized Officer, with the approval of the Board, is hereby authorized and empowered, in the name of and on behalf of the Company and each Subsidiary, to (i) secure the payment and performance of any post-petition financing by (A) pledging or granting liens and mortgages on, or security interest in, all or any portion of the assets of the Company of any of the Subsidiaries, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any Subsidiary of the Company, whether now owned or hereafter acquired, and (B) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Officer executing the same, and (ii) take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of any Restructuring Transaction to which the Company and/or one or more of its Subsidiaries is, or will be a party, including, but not limited to, any management agreements, Chapter 11 plan, disclosure statement, asset purchase agreement, and all exhibits and/or ancillary documents related thereto (collectively, the "**Restructuring Documents**"); the execution thereof by such Authorized Officer to be deemed conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that the Authorized Officer, with the approval of the Board, is hereby authorized and empowered in the name of, and on behalf of, the Company and each Subsidiary to take any and all actions to (i) obtain Bankruptcy Court approval of the Restructuring

Documents in connection with any Restructuring Transaction, and (ii) obtain Bankruptcy Court approval of any Restructuring Transaction; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Board, the Authorized Officer or any other officer of the Company or any Subsidiary in the name and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed and approved; and it is further

**RESOLVED,** that the filing by the Company and its Subsidiaries of a petition seeking relief under the provisions of the Bankruptcy Code shall not dissolve the Company or any Subsidiary.

### GENERAL RESOLUTIONS

**RESOLVED**, that this consent may be executed by facsimile, telecopy or other electronic means or reproduction, and such execution shall be considered valid, binding and effective for all purposes; and it is further

**RESOLVED**, that the actions taken by these Omnibus Authorizing Resolutions shall have the same force and effect as if taken by the undersigned at a meeting of the Board of Directors of the Company and each Subsidiary, duly called and constituted pursuant to the laws of the State of Delaware or, with respect to the Subsidiaries, pursuant to the laws of the jurisdiction of organization of such Subsidiary, and the organizational documents of the Company and each Subsidiary; and it is further

**RESOLVED**, that these Omnibus Authorizing Resolutions shall serve in lieu of a special meeting of the Board of the Company and each Subsidiary, and the undersigned hereby waive all requirements as to notice of a meeting; and it is further

**RESOLVED,** that these Omnibus Authorizing Resolutions may be executed in any number of counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

[The remainder of this page is intentionally left blank.]

**IN WITNESS WHEREOF**, the undersigned have executed these Omnibus Authorizing Resolutions as of the date and year first above written.

      **BOARD OF DIRECTORS,**
      **for and on behalf of LVI Super Intermediate, LVI Holdco, TLC, the Company and each of the Subsidiaries**

*/s/ Lisa Melamed* (Lisa Melamed May 27, 2020 16:21 EDT)
_____
LISA MELAMED

_____
HARVEY L. TEPNER

_____
WILLIAM H. HENRICH

**TLC VISION CENTERS, LLC,**
**for and on behalf of the TLC Subsidiaries**

By: TLC Vision Capital, LLC,
its Sole Member

By: */s/ Lisa Melamed* (Lisa Melamed May 27, 2020 16:21 EDT)_____
Name: Lisa Melamed
Title: Interim Chief Executive Officer
      and President

**Signature:** */s/ Lisa Melamed* (Lisa Melamed May 27, 2020 16:21 EDT)
**Email:** lmelamed@vgroupholdings.com
**Title:** Interim CEO
**Company:** Vision Group Holdings

Signature Page to Omnibus Authorizing Resolutions (LVI Chapter 11 Filing)

**IN WITNESS WHEREOF**, the undersigned have executed these Omnibus Authorizing Resolutions as of the date and year first above written.

**BOARD OF DIRECTORS,**
for and on behalf of LVI Super Intermediate, LVI Holdco, TLC, the Company and each of the Subsidiaries

_____
LISA MELAMED

*/s/ Harvey L. Tepner*
_____
HARVEY L. TEPNER

_____
WILLIAM H. HENRICH

**TLC VISION CENTERS, LLC,**
for and on behalf of the TLC Subsidiaries

By: TLC Vision Capital, LLC,
its Sole Member

By: _____
Name: Lisa Melamed
Title: Interim Chief Executive Officer
    and President

Signature Page to Omnibus Authorizing Resolutions (LVI Chapter 11 Filing)

**IN WITNESS WHEREOF**, the undersigned have executed these Omnibus Authorizing Resolutions as of the date and year first above written.

BOARD OF DIRECTORS,
for and on behalf of LVI Super Intermediate, LVI Holdco, TLC, the Company and each of the Subsidiaries

_____
LISA MELAMED

_____
HARVEY L. TERNER

_____
WILLIAM H. HENRICH

TLC VISION CENTERS, LLC,
for and on behalf of the TLC Subsidiaries

By: TLC Vision Capital, LLC,
its Sole Member

By: _____
Name: Lisa Melamed
Title: Interim Chief Executive Officer
         and President

Signature Page to Omnibus Authorizing Resolutions (LVI Chapter 11 Filing)

# SCHEDULE I

# SUBSIDIARIES

1. Total Vision Institute, LLC, a Delaware limited liability company

2. The LASIK Vision Institute, LLC, a Delaware limited liability company

3. Cataract Vision Institute, LLC, a Delaware limited liability company

4. Cataract Vision Institute Florida, LLC, a Florida limited liability company

5. QualSight, LLC, a Delaware limited liability company

6. Healthcare Marketing Services, LLC, a Delaware limited liability company

7. TLC Vision Center Holdings, LLC, a Delaware limited liability company

8. TLC Vision Centers, LLC, a Delaware limited liability company

9. LVI Missouri, LLC, a Missouri limited liability company

10. TLC Whitten Laser Eye Associates, LLC, a Delaware limited liability company*

11. TruVision, LLC, a Utah limited liability company*

12. TruVision Contacts, LLC, a Utah limited liability company*

13. Laser Eye Surgery, LLC, a Utah limited liability company*

14. TLC Laser Eye Centers (Refractive I), LLC, a Delaware limited liability company*

15. TLC The Laser Center (Pittsburgh), L.L.C., a Pennsylvania limited liability company*

16. TLC The Laser Center (Indiana) LLC, an Indiana limited liability company*

17. TLC The Laser Center (Institute), LLC a Delaware limited liability company*

*TLC Subsidiaries

| **Fill in this information to identify the Case:** | |
|---|---|
| Debtor: LVI Intermediate Holdings, Inc., *et al.* | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (if known):_____ | |

OFFICIAL FORM 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**<sup>*</sup>                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | **Name of Creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured** |
| 1. | Alcon Laboratories Inc.<br>PO Box 677775<br>Dallas, TX 75267-7775 | Attn: Brent Polly<br>(703) 328-6166<br>brent.polly@alcon.com<br>(817) 317-8769<br>Instrumentation.CS@alcon.com;<br>asa.cs@alcon.com;<br>ar.payments@alcon.com | Master Equipment Lease | | | | $6,125,502.00 |
| 2. | American Express<br>PO Box 650448<br>Dallas, TX 75265-0448 | Attn: Austin Siegfried<br>(212) 640-0989<br>austin.siegfried@aexp.com | Trade Debt | | | | $4,842,503.00 |
| 3. | Google Inc.<br>1600 Amphitheatre Pkwy<br>Mountain View, CA 94043 | Jefferson Entrampas Jr.<br>(630) 718-7028<br>jeffersone@google.com | Marketing Services | | | | $434,450.00 |
| 4. | Ziemer U.S.A.<br>620 E 3rd Street<br>Alton, IL 62002 | Attn: Carol Depping or Beth Pratt<br>(866) 708-4472<br>Carol.Depping@Ziemergroup.com; Beth.Pratt@Ziemergroup.com | Trade Debt | | | | $318,062.00 |

---

<sup>*</sup> On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

60987/0001-20477130v3

Debtor <u>LVI Intermediate Holdings, Inc., *et al.*</u>    Case number (if known) _____
     Name

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 5. | Centurylink  PO Box 52187  Phoenix, AZ 85072-2187 | Attn: Miguel Zelaya  (954) 940-7107  Miguel.Zelaya@Centurylink.com | Utilities | | | | $315,996.00 |
| 6. | Davis Vision, Inc.  175 East Houston Street  San Antonio, TX  78205 | Attn. Pat Cervino  Office: 210.524.6946  Pat.Cervino@versanthealth.com | Professional Services | | | | $250,000.00 |
| 7. | Henry Schein Inc.  PO Box 371952  Pittsburgh, PA 15250-7952 | Attn: Heather Stephens  (844) 223-9902 x2352128  Heather.stephens@henryschein.com | Trade Debt | | | | $246,499.00 |
| 8. | Staples Advantage  Dept. Atl  PO Box 105748  Atlanta, GA  30348-5748 | Attn: Jamie Thomas  (800) 387-8375  ARCreditCardTeam@staples.com  StaplesCreditSD@Staples.com | Trade Debt | | | | $236,415.00 |
| 9. | Facebook Inc.  607 W. 3rd St  Austin, TX 78701 | Ellie Levine  (650) 788-4557  ellielevine@fb.com | Professional Services | | | | $192,874.00 |
| 10. | Amobee Inc.  PO Box 894409  Los Angeles, CA  90189 | Attn: Megan Reifeiss  (858) 829-5886  megan.reifeiss@amobee.com  (650) 802-8871  clientacctg-us@amobee.com | Professional Services | | | | $187,904.00 |
| 11. | Rosenberg Media  14413 Autumn Branch Terrace  Boyds, MD  20841 | Attn: Jay Rosenberg  (301)793-4257  jay@rosenbergmedia.com | Professional Services | | | | $163,213.00 |
| 12. | AMO Sales and Service Inc.  PO Box 74007099  Chicago, IL  60674-7099 | Attn: Gerard Shin  (866) 483-6170  gshin2@its.jnj.com | Trade Debt | | | | $153,247.00 |
| 13. | Tower 1555  1555 Palm Beach Lakes Blvd.  Suite 1100  West Palm Beach, FL  33401 | Attn:  Debra Lawson  (561) 686-1555  dlawson@ecclestone.com  propertyadmin@ecclestone.com | Property Rent | | | | $152,643.00 |
| 14. | Alorica Inc.  PO Box 748624  Los Angeles, CA  90074 | Attn: Mark Vander Beek  (954) 693-3848  Mark.vanderBeek@Alorica.com | Professional Services | | | | $124,402.00 |
| 15. | Vincodo LLC  1554 Clark Drive  Yardly, PA 19067 | Attn: Tim Daly  (267) 438-7774  tdaly@vincodo.com | Professional Services | | | | $117,017.00 |
| 16. | Marketing Architects  110 Cheshire Lane  Suite 200  Minneapolis, MN  55305 | Attn: B. Quarberg  (952) 449-2500  bquarberg@markarch.com | Marketing Services | | | | $115,512.00 |

2

Official Form 204 Chapter 11 or Chapter 9 Cases: List of Creditors Who have the 30 Largest Unsecured Claims
60987/0001-20477130v3

Debtor <u>LVI Intermediate Holdings, Inc., *et al.*</u>         Case number (if known) _____
       Name

| | Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 17. | Secured Communications, Inc. 3249 SE Quay Street Port St. Lucie, FL 34984 | Attn: Steve Synenko 772-618-0087 scisystems@gmail.com | Professional Services | | | | $96,703.00 |
| 18. | Oasis Medical Inc. 514 South Vermont Avenue Glendora, CA 91741 | Attn: Monica Loera (844) 820-8940 x402 mloera@oasismedical.com | Medical Supplies | | | | $95,623.00 |
| 19. | RP Aventine Office Owner, L.L.C. 3953 Maple Avenue Suite 300 Dallas, TX 75219 | Attn: M. Gonzalez (858) 926-5300 mgonzalez@rockhillmanagement.com | Property Rent | | | | $93,466.00 |
| 20. | HW Hollinger (Canada) Inc. 550, Rue Sherbrooke O Suite 2070 Montreal, Quebec H3A1B9 | Attn: Roberto Mancuso (514) 842-8421 info@hwhollinger.com | Insurance | | | | $88,006.00 |
| 21. | MetLife Group Benefits/MetLife Small Business Center Box # 804466 811 Main Street, 7th Floor Kansas City, MO 64180-4466 | Attn: Shanna Curry (813) 673-3835 shanna.curry@metlifeservice.com | Insurance | | | | $80,719.00 |
| 22. | MicroSoft Online, Inc. PO Box 847543 Dallas, TX 75284-7543 | Dillon Ayers (646) 624-5479 diayers@microsoft.com | Professional Services | | | | $75,882.00 |
| 23. | Neustar Info Services Inc. Bank of America PO Box 742000 Atlanta, GA 30374-2000 | Attn: Homan Haghari (855) 645-4399 nisbilling@neustar.biz support-infoservices@team.neustar | Professional Services | | | | $72,317.00 |
| 24. | Ronbet 437 LLC c/o Joseph P. Day Realty Corporation 9 East 40th Street New York, NY 10016 | Attn: Richard Brickell (212) 889-7460 rjb@jpday.com | Property Rent | | | | $62,447.00 |
| 25. | BVI/Beaver-Visitec International 500 Totten Pond Rd-10, City Point, MA, 02451 *Remit:* PO Box 734261 Chicago, IL 60673-4261 | Attn: Michael Chin (866) -906-6808 customersupport@bvimedical.com; michael_chin@beaver-visitec.com; AR@BVIMedical.com | Trade Debt | | | | $56,457.00 |
| 26. | MedPro Group 5814 Reed Road Fort Wayne, IN 46835 | Attn: Alexis Fries (260) 486-0382 Alexis.Fries@medpro.com | Professional Services | | | | $55,842.00 |
| 27. | iHeartMedia 3964 Collection Center Drive Chicago, IL 60693-0039 | Attn: Michael Bednarz (210) 832-3149 support@iheartradio.com | Marketing Services | | | | $54,011.00 |

3

Official Form 204 Chapter 11 or Chapter 9 Cases: List of Creditors Who have the 30 Largest Unsecured Claims
60987/0001-20477130v3

Case 20-11413-KBO    Doc 1    Filed 05/29/20    Page 17 of 20

Debtor <u>LVI Intermediate Holdings, Inc.</u>, *et al.*    Case number (if known) _____
     Name

| Name of Creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured |
| 28. Hansa Ophthalmics LLC-aka Precision<br>4083 NW 79th Avenue<br>Doral, FL 33166 | Attn: Steve Levesque<br>(305) 594-1789<br>slevesque@hansaophthalmics.com | Trade Debt | | | | $52,357.00 |
| 29. Modus Direct LLC<br>1343 Main Street<br>Suite 600<br>Sarasota, FL 34236 | Attn: Shani Reardon<br>(941) 552-6770<br>shani@modusdirect.com | Marketing Services | | | | $50,000.00 |
| 30. DEX Imaging LLC<br>PO Box 17454<br>Clearwater, FL 33762-0454 | Attn: Dan Doyle<br>(813) 288-8080<br>info@deximaging.com | Professional Services | | | | $48,765.00 |

4

Official Form 204 Chapter 11 or Chapter 9 Cases: List of Creditors Who have the 30 Largest Unsecured Claims
60987/0001-20477130v3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LVI INTERMEDIATE HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-    (   )<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedures, the above-captions debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby state as follows:

1. 4114710 Canada Inc., a non-debtor, owns and controls 47%, and 4114728 Canada Inc., a non-debtor, owns and controls 53%, of 98776367 Canada Inc., a non-debtor. Neither 4114710 Canada Inc. nor 4114728 Canada Inc. are owned by corporations.

2. 98776367 Canada Inc., a non-debtor, owns and controls 82%, and La Caisse de depot et placement du Quebec, a non-debtor, owns and controls less than 25%, of 7761210 Canada Inc., a non-debtor.

3. 7761210 Canada Inc., a non-debtor, owns and controls 100% of 9597930 Canada, Inc., a non-debtor.

4. 9597930 Canada, Inc., a non-debtor, owns and controls 84% of LVI Super Intermediate Holdings, Inc., a non-debtor.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); LVI Missouri, LLC (7088); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); and TLC The Laser Center (Institute), LLC (0959). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

5.     LVI Super Intermediate Holdings, Inc., a non-debtor, owns and controls 100% of the issued and outstanding common stock of Debtor, LVI Intermediate Holdings, Inc.

6.     LVI Intermediate Holdings, Inc. owns and controls 100% of the limited liability company interests of the following Debtors: (i) Total Vision Institute, LLC, (ii) QualSight, LLC, (iii) The LASIK Vision Institute, LLC, (iv) Cataract Vision Institute, LLC, (v) Healthcare Marketing Services, LLC, and (vi) Cataract Vision Institute Florida, LLC.

7.     LVI Intermediate Holdings II, LLC, a non-debtor, owns and controls 23.089965%, and Sunglasses Intermediate Blocker, Inc., a non-debtor, owns and controls 76.910035% of the limited liability company interests of Debtor TLC Vision Center Holdings, LLC.

8.     TLC Vision Capital, LLC, a non-debtor, owns and controls 100% of the limited liability company interests of Debtor TLC Vision Centers, LLC.

9.     TLC Vision Centers, LLC owns and controls 100% of the limited liability company interests of the following Debtors: (i) TLC Whitten Laser Eye Associates, LLC, (ii) TruVision, LLC, (iii) TLC Laser Eye Centers (Refractive I), LLC, (iv) TLC The Laser Center (Pittsburgh) L.L.C., and (v) TLC The Laser Center (Institute), LLC.

10.     TruVision, LLC owns and controls 100% of the limited liability company interests of Debtors TruVision Contacts, LLC and Laser Eye Surgery, LLC.

11.     TLC Laser Eye Centers (Refractive I), LLC owns and controls 100% of the limited liability company interests of Debtor TLC The Laser Center (Indiana) LLC.

12.     The LASIK Vision Institute, LLC owns and controls 100% of the limited liability company interests of Debtor LVI Missouri, LLC.

60987/0001-20496920v2

**Fill in this information to identify the case:**

Debtor name: **LVI Intermediate Holdings, Inc.,** *et al.*

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known):

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Bankruptcy Rules 1007(a)(1), 1007(a)(3), and 7007.1**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/29/2020         X *Lisa Melamed (May 28, 2020 22:16 EDT)*
                                   Signature of individual signing on behalf of debtor

                                   **Lisa Melamed**
                                   Printed name

                                   **Interim CEO**
                                   Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors
60987/0001-20508497v1