## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LVI INTERMEDIATE HOLDINGS, INC., *et al.*, | Case No. 20-11413 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Related to Docket Nos. 9, 34, 46 and 152** |

### FINAL ORDER AUTHORIZING DEBTORS TO (I) PAY PREPETITION WAGES, EMPLOYEE EXPENSES, AND OTHER COMPENSATION, (II) MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for an Interim Order and a final order (this "Final Order") under sections 105(a), 363(b), 507(a), 541, 1107(a) and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtors, *inter alia*, to pay prepetition wages, salaries, employee benefits and amounts to or on account of certain third-party contractors; (ii) authorizing, but not directing, the Debtors to continue the maintenance of all employee benefit programs in the ordinary course; (iii) authorizing financial institutions to receive, process, honor and pay all checks, drafts and other forms of payment, including fund transfers, used by the Debtors relating to the foregoing; and (iv) granting related relief as further described herein; and upon consideration of the First Day Declaration, and the Interim Order entered on June 2, 2020; and the Court having jurisdiction to consider the Motion and the relief

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these proceedings and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

## ORDERED, ADJUDGED, AND DECREED that:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay and/or honor, in their sole discretion, the prepetition Employee Claims as and when such obligations are due.

3.      The Debtors are authorized, but not directed, in their sole discretion, to make prepetition payments due under the Bonus and Incentive Plans in the ordinary course of business absent further order of this Court; and *provided, further, however,* (i) the Debtors shall make no prepetition payments to any Employee pursuant to the Bonus and Incentive Plans that would cause the total prepetition payments to such Employee to exceed the statutory cap under section 507(a)(4) of the Bankruptcy Code, absent further order of this Court; and (ii) the Debtors shall not pay amount pre or post-petition amounts under the Bonus Incentive Plan to any employees who are also subject to the Debtors' pending key employee incentive plan (the "KEIP"), subject to the Debtors' right to seek to reinstate the Bonus and Incentive Plan as to such proposed KEIP

recipients if the KEIP is not approved by the Court.  The Debtors are authorized, but not directed, in their sole discretion, to continue administering the Bonus and Incentive Plans (except as to any portion of the Bonus and Incentive Plans that concern payment to any key employees covered by the KEIP) in the ordinary course of business absent further order of this Court.

4.      The Debtors are authorized, but not directed, to pay and/or honor, in their sole discretion all prepetition Contractor Claims, and to continue to pay Contractor Claims in the ordinary course; *provided, however*, that such relief shall not constitute or be deemed an assumption or an authorization to assume any agreements with such Contractors under section 365(a) of the Bankruptcy Code.

5.      The Debtors are authorized, but not directed, to pay in their sole discretion, all prepetition obligations due in connection with the Employee Benefit Programs, and to continue their Employee Benefit Programs in the ordinary course; *provided, however*, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Programs under section 365(a) of the Bankruptcy Code.

6.      The Debtors are authorized, but not directed, in their sole discretion, to pay the Employee Expenses.

7.      The Debtors are authorized, but not directed, in their sole discretion, to pay all Employee Withholdings as and when such obligations are due.  The Debtors may remit any and all amounts withheld from Employees, including social security, FICA, federal and state income taxes, garnishments, health care payments, other insurance premiums, retirement fund withholding, and other types of withholding, whether these amounts relate to the period prior to the date of the Debtors' chapter 11 filings or subsequent thereto.

8.      The Debtors are authorized to allow Employees to use accrued and prepetition PTO in the Debtors' discretion.  The Debtors are also authorized, in their discretion, to pay out any accrued and prepetition vacation amounts that are owed to Employees solely to the extent their employment with the Debtors is terminated postpetition.

9.      Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

10.     The Debtors are authorized, but not directed, to re-employ any and all Furloughed Employees or previously terminated employees postpetition without further order of this Court.

11.     All Banks are (a) authorized and directed to receive, process, honor, and pay any and all prepetition and postpetition checks, drafts, electronic transfers, and other forms of payment used by the Debtors to satisfy their Prepetition Employee Obligations, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of Prepetition Employee Obligations.  The Banks shall rely on the direction and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such direction and representations by the Debtors as provided for in this Final Order or for inadvertently honoring or dishonoring any check or fund transfer.

12.     The Debtors are authorized to issue new postpetition checks to replace any checks, drafts, and other forms of payment, or effect new postpetition electronic transfers, on account of the Prepetition Employee Obligations, which may be inadvertently dishonored or rejected and to

4

reimburse any expenses that may be incurred as a result of any Bank's failure to honor a prepetition check.

13.    Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Final Order.

14.    Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

15.    The Debtors are authorized to take all actions necessary to implement the relief granted in this Final Order.

16.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: June 23rd, 2020
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

60987/0001-20654309v2