**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                              :
In re:                                        :        Chapter 11
                                              :
LVI INTERMEDIATE HOLDINGS, INC., et           :        Case No. 20-11413 (KBO)
al.,                                          :
                                              :        (Jointly Administered)
             Debtors.¹                        :
                                              x
-------------------------------------------------------
```

**GLOBAL NOTES PERTAINING TO SCHEDULES**
**AND STATEMENTS OF FINANCIAL AFFAIRS**

On May 29, 2020 (the "Petition Date"), LVI Intermediate Holdings, Inc. ("LVI") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered under Case No. 20-11413 (KBO). With the assistance of their professionals, the Debtors' management prepared the Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (the "SOFAs" and, together with the Schedules, the "Schedules and SOFAs") pursuant to Section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States, and they are not intended to be fully reconciled to the financial statements.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery of inadvertent errors or omissions may result in material changes to the Schedules and SOFAs. The information provided herein, except as otherwise noted, is as of the Petition Date. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); LVI Missouri, LLC (7088); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); and TLC The Laser Center (Institute), LLC (0959). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

the Schedules and SOFA.  Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors.  The Debtors reserve their right to amend the Schedules and SOFAs from time to time as may be necessary or appropriate.  These global notes regarding the Schedules and SOFAs (the "Global Notes") comprise an integral part of the Schedules and SOFAs filed by the Debtors and should be referenced in connection with any review of the Schedules and SOFAs.  Nothing contained in the Schedules and SOFAs shall constitute a waiver of any rights or claims of the Debtors against any third party, or in or with respect to any aspect of the chapter 11 cases.

The Schedules and SOFAs have been signed by Lisa Melamed, the Chief Executive Officer and President of LVI and an authorized signatory of each Debtor.  In reviewing and signing the Schedules and SOFAs, Ms. Melamed has necessarily relied upon the efforts, statements and representations of certain accounting personnel and advisors.  Ms. Melamed has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

1.    Asset Presentation.  Each asset and liability of the Debtors is reflected on the Schedules and SOFA as of the Petition Date.  Such assets and liabilities are presented on the basis of their net book value in the Debtors' unaudited accounting books and records, not on the basis of current market values.  Although the Debtors do not expect that their assets or liabilities as of the Petition Date will vary materially from those listed in the Schedules and SOFAs, the Debtors reserve their right to amend or adjust the value of any asset or liability set forth herein.

2.    Liabilities.  The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change, and the Debtors reserve the right to change the allocation of liability to the extent such additional information becomes available.

The liabilities listed on the Schedules do not reflect any analysis of claims under Section 503(b)(9) of the Bankruptcy Code.  Accordingly, the entire amount of a prepetition liability for goods delivered in the twenty (20) days prior to the Petition Date is commingled with a creditor's other open liabilities reflected in the Debtors' accounts payable system.  A bar date for the filing of claims under Section 503(b)(9) has been separately established by the Bankruptcy Court, and creditors asserting claims under Section 503(b)(9) should refer to those bar date procedures and should not rely on the Schedules to assert an administrative expense claim under Section 503(b)(9) for any amount scheduled as due and owing as of the Petition Date.

To the extent the Debtors paid any pre-petition claims pursuant to any orders entered by the Bankruptcy Court in these Chapter 11 Cases, those amounts are not scheduled.

3.    Estimates.  As of the Petition Date, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of their assets, liabilities, revenue and expenses.

2

4.      Causes of Action.  The Debtors reserve any and all of their rights with respect to any causes of action they may have, whether or not listed in the Schedules and SOFAs, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

5.      Claims Description.  Any failure to designate a claim on the Schedules and/or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated."  The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules and SOFAs as to amount, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.

6.      Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

7.      Intercompany Transactions.   In the ordinary course of business, the Debtors engage in various transactions that relate to multiple Debtor entities which include but are not limited to: (a) transactions to a provider for goods/services which relate to operations among multiple Debtors; and (b) wages to certain employees whose scope of work expands among multiple Debtors.  These transactions have resulted in intercompany and intracompany (see Cash Management Motion [Docket No. 8]) claims which historically have not been accounted for on a Debtor by Debtor basis but instead have been accounted for by business segment due to limitations of the Debtors' accounting system.   As such, the intercompany receivables and payables are not reflected in the Schedules and SOFAs.

8.      Property and Equipment.  Nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all their rights with respect to such issues.

9.      Insiders.  For purposes of the SOFAs, the Debtors have listed payments made to certain individuals and entities within one (1) year of the Petition Date.  By doing so, the Debtors do not take a position on whether any person or entity is or was an insider during a portion or all of the one-year period prior to the Petition Date.

10.      Specific Notes.  These Global Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs.  Disclosure of information in one Schedule, the SOFAs, an exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, the SOFA or any exhibits or continuation sheets.

11.      Totals.   All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.  To the extent there are unknown or undetermined amounts included in the Schedules and SOFAs, the actual totals may be different than the listed totals.

12.    <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtors are scheduled as "undetermined" or "unknown."  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

13.    <u>Claimants</u>.  The identity of some of the holders of claims may have changed over time due to trading and/or transfer of certain of these claims.  It is the Debtors' belief that the claims against the Debtors were as of the Petition Date held by the entities identified in the Schedules (or affiliates of such entities or beneficial holders for which such entities are nominees or asset managers), in the principal amounts set forth herein, without inclusion of accrued and unpaid interest (unless expressly noted that interest is included).

14.    <u>Employee Addresses</u>.    Current employee, former employee, and director addresses have been removed from entries listed throughout the Schedules and SOFAs, where applicable, pursuant to the Court's Order (I) Authorizing the Debtors to (A) File a Consolidated Creditor Matrix in Lieu of Submitting a Separate Creditor Matrix for Each Debtor (B) File a Consolidated List of the Debtors' Thirty (30) Largest Unsecured Creditors and (C) Redact Certain Personal Identification Information From the Matrix, and (II) Granting Related Relief [Docket. No. 43].

15.    <u>Patient Addresses</u>.  Current and former patient addresses have been removed from entries listed throughout the Schedules and SOFAs where applicable in order to comply with HIPAA or similar privacy law requirements, and pursuant to the Court's Order Authorizing Certain Procedures to Protect the Confidentiality of Patient Information as Required by Applicable Privacy Rules [Docket. No. 143].

16.    <u>General Reservation of Rights</u>.    The Debtors specifically reserve the right to amend, modify, supply, correct, change or alter any part of their Schedules and SOFA as and to the extent necessary as they deem appropriate.

**<u>Specific Disclosures With Respect to the Debtors' Schedules</u>**

17.    <u>Schedule A/B: Part 3</u>:  As explained in the Debtors' Cash Management Motion [Docket No. 8] (the "<u>Cash Management Motion</u>") the Debtors' cash management structure includes approximately 158 bank accounts, including non-debtor accounts.  Only those accounts that belong to Debtors are included in the schedules.

18.    <u>Schedule A/B: Part 4.15</u>:  The Debtors have wholly and partially owned interests in various entities.  The Debtors note where ownership is directly held and not indirectly held.

19.    <u>Schedule A/B: Part 9.55</u>:  The Debtors historically maintain and record leasehold improvements on an individual debtor basis.  Due to limitations in the accounting system, the Debtors are unable to determine which specific properties are associated with each of the leasehold improvements and as such have not listed specific property information in the schedule.

4

20.     Schedule A/B: Part 10.62:  In the ordinary course the Debtors have various licensing arrangements which include: (a) software licensing, (b) IT licensing, (c) licensing with doctor affiliates, and (d) licensing with other third party practices.  The Debtors did not include these in Schedule 10.62 but has included these licensing arrangements, to the best of their abilities, in Schedule G to the extent they exist for each Debtor.

21.     Schedule A/B: Part 10.64:  While the Debtors have made reasonable efforts to respond comprehensively to Question 10.64, certain de minimis intangible assets may be omitted.

22.     Schedule A/B: Part 11.72:  As a result of a March 2019 change in control, the Debtors performed an analysis pursuant to Section 382 of the Internal Revenue Code and determined there is approximately $34,939,387 of allowable net operating losses.  As this analysis was done on a consolidated basis, the Debtors are not able to identify corresponding amounts for each Debtor.  In addition, as of this date the Debtors' analysis of existing net operating losses for fiscal year ending 2019 is not complete and as such have not listed any amounts in the schedule.

23.     Schedule A/B: Part 11.72:  The Debtors have no known outstanding tax refunds for fiscal year ending 2018.  As the tax returns have not yet been completed, any 2019 tax refunds have not been determined and as such have not listed any amounts in the schedule.

24.     Schedule E/F: Creditors Who Have Unsecured Claims.  The listing of any claim on Schedule E/F as a priority claim does not constitute an admission by the Debtors that such claim is entitled to priority under Section 507(a) of the Bankruptcy Code.  The Debtors reserve the right to dispute the priority status of any claim on any basis.

Although the Debtors have made a reasonable attempt to set forth their unsecured obligations in Schedule E/F, the actual amount of claims against the Debtors may vary from the represented liabilities.  Parties in interest should not accept that any listed liability necessarily reflects the correct amount of any unsecured creditor's allowed claim or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFA.

The claims listed on Schedule E/F arose or were incurred on various dates and, in certain instances, the date on which a claim arose may be unknown or subject to dispute.  Because fixing that date for each claim in Schedule E/F would be unduly burdensome and cost prohibitive, the Debtors have not listed a date for the claims listed on Schedule E/F.

Schedule E/F does not include employee withholding obligations of the Debtors, which the Debtors remit directly to the applicable authority.  In addition, Schedule F does not include certain deferred charges, deferred liabilities or accruals.

Schedule E/F does not include potential rejection damages claims of counterparties to executory contracts or unexpired leases that may be rejected by the Debtors.

5

25.     Schedule G: Executory Contracts and Unexpired Leases.  Although the Debtors have made every effort to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations may not be set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination agreements, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality or nondisclosure agreements.  Such documents may not be set forth in Schedule G.

The Debtors may be party to certain agreements that have expired by their terms.  Out of an abundance of caution, the Debtors may have listed certain such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that any such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission of those contracts from Schedule G.

**Specific Disclosures With Respect to the Debtors' SOFAs**

26.     Question 1.  The Debtors' responses to Question 1 reflect net revenue for the relevant period.

27.     Question 3.  The Debtors' responses reflect disbursement data from the respective Debtors' banking activity and excludes employee wage payments and withholdings such as tax withholdings and benefits withholdings remitted by the Debtors to the applicable authorities.

28.     Question 4.  The Debtors' responses reflect disbursement data collected from each Debtor's Great Plains accounting system.  The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code.  For more information regarding the Debtors' officers and directors, see Question 28 and Question 29.

29.     Question 26.  The Debtor has provided financial statements in the ordinary course of its businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  In addition, the Debtor has provided financial reports to the Debtor's professionals.  Considering the number of such recipients and the possibility that

6

such information may have been shared with parties without the Debtor's knowledge or consent or subject to confidentiality agreements, the Debtor has not disclosed any parties that may have received such financial statements for the purposes of Statement 26d. To assemble the extensive list of recipients would be unduly burdensome.

30.    <u>Question 27</u>.    The Debtors inventory critical pharmaceuticals and stock to established par levels. Routine medical and office supplies are replenished on an as-needed basis.

**Fill in this information to identify the case:**

**Debtor name:** Laser Eye Surgery, LLC

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 20-11425

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---------|--------|

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |
| From the beginning of the fiscal year to filing date: From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |
| From the beginning of the fiscal year to filing date: From _____ to _____ | ☐ Operating a business<br>☐ Other: _____ | $_____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: From _____ to _____ | _____ | $_____ |
| From _____ to _____ | _____ | $_____ |
| From _____ to _____ | _____ | $_____ |

Debtor    **Laser Eye Surgery, LLC**                                                                                          Case number *(if known)* **20-11425**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 04/01/2022 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1. _____ | _____ | $_____ | ☐ Secured debt |
| _____ | | | ☐ Unsecured loan repayments |
| _____ | | | ☐ Suppliers or vendors |
| _____ | | | ☐ Services |
| | | | ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 04/01/2022 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. SEE GLOBAL NOTES | _____ | $_____ | _____ |
| **Relationship to debtor** | | | |
| _____ | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. _____ | _____ | _____ | $_____ |
| _____ | | | |
| _____ | | | |
| _____ | | | |

Debtor    **Laser Eye Surgery, LLC**                                                     Case number *(if known)* **20-11425**

---

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| 6.1. | _____<br>_____<br>_____<br>_____ | _____<br><br><br>Last 4 digits of account number: XXXX–_____ | _____ | $_____ |

Debtor    **Laser Eye Surgery, LLC**                                                    Case number *(if known)* **20-11425**

---

| Part 3: | Legal Actions or Assignments |
|---|---|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | | _____ | ☐ On appeal |
| | _____ | | _____ | ☐ Concluded |

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the property | Value |
|---|---|---|---|
| 8.1. | _____ | _____ | $_____ |
| | _____ | **Case title** | **Court name and address** |
| | _____ | _____ | _____ |
| | | **Case number** | _____ |
| | | _____ | _____ |
| | | **Date of order or assignment** | |
| | | _____ | |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

| Part 4: | Certain Gifts and Charitable Contributions |
| --- | --- |

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- |
| 9.1. _____<br>_____<br>_____<br>_____ | _____ | _____ | $_____ |

| Recipient's relationship to debtor |
| --- |
| _____ |

Debtor    **Laser Eye Surgery, LLC**                                           Case number *(if known)* **20-11425**

---

| **Part 5:** | Certain Losses |

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1. _____ | $_____ | _____ | $_____ |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $_____ |
| | **Address** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1. | _____ | _____ | _____ | $_____ |
| | **Trustee** | | | |
| | _____ | | | |
| | _____ | | | |
| | _____ | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. _____ | _____ | _____ | $_____ |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| _____ | | | |
| **Relationship to debtor** | | | |
| _____ | | | |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

---

| **Part 7:** | Previous Locations |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1. _____ | From _____ To _____ |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

| Part 8: | Healthcare Bankruptcies |
|---|---|

**15. Healthcare bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____<br>_____<br>_____ | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider<br>_____<br>_____<br>_____ | **How are records kept?**<br>Check all that apply:<br>☐ Electronically<br>☐ Paper |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

| Part 9: | Personally Identifiable Information |
|---------|-----------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No

☑ Yes. State the nature of the information collected and retained. PATIENT INFORMATION INCLUDING NAME, ADDRESS, PHONE NUMBER, DATE OF BIRTH, SSN

     Does the debtor have a privacy policy about that information?

     ☐ No

     ☑ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ None. Go to Part 10.

☑ Yes. Fill in the information below.

17.1. Does the debtor serve as plan administrator?

☑ No

☐ Yes. Fill in below.

| Name of plan | Employer identification number of the plan |
|--------------|--------------------------------------------|
| _____ | EIN: __ __-__ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ No

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

---

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. _____ <br> _____ <br> _____ | XXX-_____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $_____ |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1. _____ <br> _____ <br> _____ | _____ <br> _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1. _____ <br> _____ <br> _____ | _____ <br> _____ <br> _____ | _____ | ☐ No <br> ☐ Yes |

Debtor   **Laser Eye Surgery, LLC**                                      Case number *(if known)* **20-11425**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1. | _____<br>_____<br>_____<br>_____ | _____ | _____ | $_____ |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

| **Part 12:** | **Details About Environmental Information** |
| --- | --- |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| | **Case title** | **Court or agency name and address** | **Nature of the case** | **Status of case** |
| --- | --- | --- | --- | --- |
| 22.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | _____ | | ☐ On appeal |
| | _____ | _____ | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| | **Site name and address** | **Governmental unit name and address** | **Environmental law, if known** | **Date of notice** |
| --- | --- | --- | --- | --- |
| 23.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | |
| | _____ | _____ | _____ | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| | **Site name and address** | **Governmental unit name and address** | **Environmental law, if known** | **Date of notice** |
| --- | --- | --- | --- | --- |
| 24.1. | _____ | _____ | _____ | _____ |
| | _____ | _____ | _____ | |
| | _____ | _____ | _____ | |

Debtor    **Laser Eye Surgery, LLC**                                    Case number *(if known)* **20-11425**

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | _____<br>_____<br>_____ | _____ | EIN: __ __-__ __ __ __ __ __ __ |
| | | | **Dates business existed** |
| | | | From _____ To _____ |

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1. | _____<br>_____<br>_____ | From _____ To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1. | _____<br>_____<br>_____ | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | LVI INTERMEDIATE HOLDINGS, INC.<br>1555 PALM BEACH LAKES BLVD<br>SUITE 600<br>WEST PALM BEACH FL 33401 | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

---

Debtor    **Laser Eye Surgery, LLC**                                                    Case number *(if known)* **20-11425**

| Name and address |
|---|

26d.1.    SEE GLOBAL NOTES

---

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1. _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| _____ |
| _____ |
| _____ |
| _____ |

---

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1. | HARVEY TEPNER<br>11 FIFTH AVENUE<br>NEW YORK NY 10003 | DIRECTOR | _____ | _____ |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.2. | LISA MELAMED<br>1555 PALM BEACH LAKES BLVD.<br>SUITE 600<br>WEST PALM BEACH FL 33401 | DIRECTOR/OFFICER | _____ | _____ |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.3. | RAY MONTELEONE<br>Address Intentionally Omitted | OFFICER | _____ | _____ |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.4. | TRUE VISION, LLC<br>1555 PALM BEACH LAKES BLVD.<br>SUITE 600<br>WEST PALM BEACH FL 33401 | MEMBER | MEMBERSHIP INTEREST | 100.00% |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.5. | WILLIAM HENRICH<br>295 MADISON AVE<br>20TH FLOOR<br>NEW YORK NY 10017 | DIRECTOR | _____ | _____ |

Debtor    **Laser Eye Surgery, LLC**                                                            Case number *(if known)* **20-11425**

---

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1. | COHEN, MARK<br>Address Intentionally Omitted | DIRECTOR/OFFICER | _____ | From 3/1/2019 To 12/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.2. | FOLSOM, CHRISTOPHER D<br>Address Intentionally Omitted | OFFICER | _____ | From 8/22/2018 To 12/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.3. | HANDEN, LAWRENCE<br>MACQUARIE CAPITAL<br>125 WEST 55TH STREET<br>NEW YORK NY 10019 | DIRECTOR | _____ | From 3/1/2019 To 12/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.4. | HOCKENSON, MARKUS<br>Address Intentionally Omitted | DIRECTOR/OFFICER | _____ | From 6/2018 To 12/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.5. | KISSANE, BRENDAN<br>DRUMIN MANAGEMENT<br>ADVISORS<br>8636 18TH HOLE TRAIL<br>RENO NV 89523 | DIRECTOR | _____ | From 6/2019 To 8/15/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.6. | PELLETIER, NADINE<br>1180 DRUMMOND ST<br>#400<br>MONTREAL QUEBEC H3G2S1<br>CANADA | DIRECTOR | _____ | From 3/1/2019 To 12/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.7. | WALLERSTEIN, AVI<br>Address Intentionally Omitted | DIRECTOR/OFFICER | _____ | From 3/1/2019 To 12/2019 |

| | Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.8. | WANG, IRENE<br>FALCON STRATEGIC<br>PARTNERS IV, LP<br>21 CUSTOM HOUSE STREET<br>10TH FLOOR<br>BOSTON MA 02110 | DIRECTOR | _____ | From 3/1/2019 To 12/2019 |

Debtor    **Laser Eye Surgery, LLC**                                                      Case number *(if known)* **20-11425**

---

### 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below

| | Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|---|
| 30.1. | _____ | $_____ | _____ | _____ | _____ |

| Relationship to debtor |
|---|
| SEE, RESPONSE AT PART 2, NO. 4 |

---

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No

☐ Yes. Identify below

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1. _____ | EIN: __ __-__ __ __ __ __ __ |

---

### 32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No

☐ Yes. Identify below

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1. _____ | EIN: __ __-__ __ __ __ __ __ |

Debtor    **Laser Eye Surgery, LLC**                                            Case number *(if known)* **20-11425**

---

**Part 14:**  **Signature and Declaration**

_____

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

6/26/2020
MM/DD/YYYY

✖    */s/ Lisa Melamed*                        Printed name    Lisa Melamed
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    CEO & President

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No
☐ Yes

---