**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: <br><br> LVI INTERMEDIATE HOLDINGS, INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 20-11413 (KBO) <br><br> (Jointly Administered) <br><br> **Related to Docket Nos. 112 and 206** |

**ORDER AUTHORIZING THE SALE OF MISCELLANEOUS ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR
OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES**

Upon consideration of the (i) *Order Establishing Procedures for Sales of Certain Miscellaneous Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests and Encumbrances* [Docket No. 112] (the "Miscellaneous Asset Sale Procedures Order")[2] and (ii) related *Certification of Counsel Regarding Proposed Order Authorizing the Sale of Miscellaneous Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Interests and Encumbrances* (the "Certification of Counsel") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing from the Certification of Counsel that due and sufficient notice of the proposed sale (the "Sale Transaction") of certain furniture, fixtures, equipment or other personal property (the "Miscellaneous Assets")

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Miscellaneous Asset Sale Procedures Order.

of The LASIK Vision Institute, LLC located at (a) 3200 Cobb Galleria Pkwy Ste 105, Atlanta, GA 30339 ("LVI Atlanta") and (b) 3030 North Rocky Point Dr. W Ste 170, Tampa, FL 33607 ("LVI Tampa") to Gold Coast Ophthalmic Instruments, Inc. ("Buyer") has been given in accordance with the Miscellaneous Asset Sale Procedures Order (the "Sale Notice"); and it further appearing that no other or further notice of the Sale Transaction and the relief provided in this Order is required; and it further appearing that the Sale Transaction, as described in the Sale Notice and summarized in the Certification of Counsel, is (i) fair and reasonable and (ii) an appropriate exercise of the Debtors' business judgment, and the relief provided in this Order is in the best interests of the Debtors, their estates and creditors; and it further appearing that there is just cause for the relief granted herein; and after due deliberation and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Sale Transaction is APPROVED and the requirements for the Sale Transaction set forth in the Miscellaneous Asset Sale Procedures Order are satisfied.

2. The Debtors are authorized to effectuate the Sale Transaction upon the terms set forth in the Sale Notice. In accordance with the terms of the Miscellaneous Asset Sale Procedures Order, the buyer shall acquire the Miscellaneous Assets on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes.

3. Pursuant to section 363(f) of the Bankruptcy Code and the Miscellaneous Asset Sale Procedures Order, the Sale Transaction shall be free and clear of all liens, claims and encumbrances whatsoever, with any such liens, claims and encumbrances to attach to the proceeds of the Sale Transaction, with the same validity, force, and effect which they had against the Miscellaneous Assets prior to the Sale Transaction, provided that, for the avoidance of doubt,

proceeds with respect to any Miscellaneous Assets constituting Postpetition Collateral shall be remitted to the Postpetition Agent (as such terms are defined in the *Order Authorizing Debtors to (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and Provide Security and Other Relief to LBC Credit Partners III, L.P., as Agent, and the Lenders* (Docket No. 54)) directly upon the closing of the Sale Transaction.

4. The Debtors are authorized to execute and deliver all instruments and documents and take such other action as may be necessary or appropriate to implement and effectuate the Sale Transaction and the relief granted by the Miscellaneous Asset Sale Procedures Order and this Order.

5. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order and the Sale Transaction.

Dated: June 29th, 2020  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**