**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>LVI INTERMEDIATE HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter: 11<br><br>Case No. 20-11413 (KBO)<br>(Jointly Administered)<br><br>**Obj. Deadline:  July 21, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date:  July 28, 2020 at 1:00 p.m. (ET)** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF MORRISON & FOERSTER LLP AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* TO JUNE 16, 2020**

The Official Committee of Unsecured Creditors (the "Committee") of LVI Intermediate

Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession in these proceedings

(collectively, the "Debtors"), by Jay N. Rosenberg of Rosenberg Media, in its capacity as

chairperson of the Committee, hereby submits this application (the "Application") pursuant to

sections 328(a) and 1103 of title 11 of the United States Code, as amended (the "Bankruptcy

Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry

of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the

retention and employment of Morrison & Foerster LLP ("Morrison & Foerster" or the "Firm") as

---

[1]     The Debtors in these cases, along with the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674);Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Vision Centers, LLC (8271); TLC Whitten Laser Eye Associates, LLC (0182); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

counsel to the Committee, *nunc pro tunc* to June 16, 2020.  In support of the Application, the Committee relies upon and incorporates by reference the declaration of Jay N. Rosenberg, the representative of Rosenberg Media, in its capacity as chairperson of the Committee (the "Rosenberg Declaration"), attached hereto as **Exhibit B**, and the declaration of Todd M. Goren of Morrison & Foerster (the "Goren Declaration"), attached hereto as **Exhibit C**.  In further support of this Application, the Committee respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order or judgment by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On May 29, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

5.      These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order (I) Directing Joint Administration of Cases and (II) Granting Related Relief* [Docket No. 30], entered on June 2, 2020.

6.      The office of the United States Trustee (the "U.S. Trustee") selected the members of the Committee and filed a notice of appointment on June 12, 2020 [Docket No.111].[2]  The Committee selected Rosenberg Media as its chairperson (the "Chair").

7.      One June 16, 2020, the Committee selected Morrison & Foerster as its co-counsel.

**RELIEF REQUESTED**

8.      Subject to this Court's approval, the Committee seeks to employ Morrison & Foerster as its co-counsel in connection with the prosecution of these chapter 11 cases and all related matters, *nunc pro tunc* to June 16, 2020.  Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Committee respectfully requests that the Court enter the Order, authorizing the Committee to employ and retain Morrison & Foerster as its counsel to perform the necessary legal services during these chapter 11 cases.

9.      Additional facts in support of the specific relief sought herein are set forth in the Rosenberg Declaration and the Goren Declaration.

10.     Morrison & Foerster has extensive general legal experience and knowledge, and, in particular, has substantial expertise in the field of creditors' rights and business reorganization

---

[2] The members of the Committee are Rosenberg Media, Oasis Medical, and Sensis, Inc.

under chapter 11 of the Bankruptcy Code.  That expertise includes representing official creditors'

committees in large and complex bankruptcy cases.  For example, the professionals that will be

primarily responsible for this engagement have represented official creditors' committees in the

bankruptcies of Murray Energy Holdings Co., Cloud Peak Energy Inc., Windstream Holdings,

Inc., Westmoreland Coal Company, The NORDAM Group, Republic Airways Holdings Inc.,

Energy Future Holdings Corp., Armstrong Energy Inc., Avaya, Inc., and 21st Century Oncology

Holdings, Inc., among others.  Since the Committee's appointment, Morrison & Foerster has

been working closely with the Debtors and other parties-in-interest to become familiar with the

Debtors' businesses and many of the potential legal issues that may arise in the context of these

chapter 11 cases.

## I.  Services to be Provided

11.     The Committee anticipates that Morrison & Foerster will, in connection with

these chapter 11 cases and subject to orders of this Court, provide a range of services to the

Committee, including, but not limited to, the following:

> a.  advising the Committee in connection with its powers and duties under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules;
>
> b.  assisting and advising the Committee in its consultation with the Debtors relative to the administration of these cases;
>
> c.  attending meetings (including telephonically), and negotiating with the representatives of the Debtors and other parties-in-interest;
>
> d.  assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;
>
> e.  assisting and advising the Committee in connection with any sale of the Debtors' assets pursuant to section 363 of the Bankruptcy Code;
>
> f.  assisting the Committee in the review, analysis, and negotiation of any chapter 11 plan(s) of reorganization or liquidation that may be filed and assisting the Committee in the review, analysis, and negotiation of the disclosure statement accompanying any such plan(s);

g.      taking all necessary action to protect and preserve the interests of the Committee, including: (i) possible prosecution of actions on its behalf; (ii) if appropriate, negotiations concerning all litigation in which the Debtors are involved; and (iii) if appropriate, review and analysis of claims filed against the Debtors' estates;

h.      generally preparing on behalf of the Committee all necessary motions, applications, answers, orders, reports, replies, responses, and papers in support of positions taken by the Committee;

i.      appearing, as appropriate, before this Court, the appellate courts, and the U.S. Trustee, and protecting the interests of the Committee before those courts and before the U.S. Trustee; and

j.      performing all other necessary legal services in these cases.

12.     Morrison & Foerster intends to work closely with the Debtors' representatives and the other professionals retained by the Committee to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

13.     Morrison & Foerster has indicated a willingness to act on behalf of the Committee.

## II.    Professional Compensation

14.     Morrison & Foerster intends to apply for compensation for professional services rendered in connection with these chapter 11 cases and will file interim and final fee applications for allowance of its compensation and expenses.  Such applications will be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, established by the Executive Office for the United States Trustees (the "U.S. Trustee Guidelines"), and any other applicable orders of the Court (collectively, the "Fee Guidelines").

15.     Morrison & Foerster's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine

overhead expenses. These hourly rates are subject to periodic adjustments to reflect economic

and other conditions, and are generally consistent with the rates Morrison & Foerster charges its

other clients.[3]  In particular, Morrison & Foerster's standard hourly rates for matters implicated

in the chapter 11 cases range as follows:

     a.     the hourly rates for partners range from $975 per hour to $1,750 per hour, based upon a variety of factors, including seniority, distinction, and expertise in one's field;

     b.     the hourly rates for "of counsel" and "senior of counsel" range from $640 per hour to $1,600 per hour;

     c.     the hourly rates for attorneys and associates range from $540 per hour to $930 per hour; and

     d.     the hourly rates for paraprofessionals range from $275 per hour to $490 per hour.

16.     The Committee believes that these rates, and the terms and conditions of

Morrison & Foerster's employment, are reasonable.

17.     Morrison & Foerster will also seek to be reimbursed, subject to the Court's

approval, for all actual out-of-pocket expenses incurred by Morrison & Foerster on the

Committee's behalf, such as copying, travel expenses, overnight courier expenses, computer

research, and other disbursements, as more fully set forth in the Goren Declaration. All requests

for reimbursement of expenses will be consistent with the Fee Guidelines.

18.     Morrison & Foerster advised the Committee that no promises were received by

Morrison & Foerster, any partner, any attorney who is "of counsel" to Morrison & Foerster, or

any associate of Morrison & Foerster, as to compensation in connection with these chapter 11

cases, other than in accordance with the provisions of the Bankruptcy Code.  Morrison &

---

[3] As set forth in the Order, Morrison & Foerster will provide ten (10) business days' notice to the Debtors and the U.S. Trustee before implementing any periodic increases, and will file such notice with the Court.

Foerster has also advised the Committee that neither Morrison & Foerster, nor any partner of Morrison & Foerster, any attorney who is "of counsel" to Morrison & Foerster, or any associate of Morrison & Foerster, has any agreement with any other entity to share with such entity any compensation received by Morrison & Foerster in connection with these cases.

## III.  Morrison & Foerster's Disinterestedness

19.    To the best of the Committee's knowledge, Morrison & Foerster does not hold or represent any interest adverse to the Debtors' estates and, except as disclosed in the Goren Declaration, does not have any "connections" to the Debtors' creditors, affiliates, other parties-in-interest or potential parties-in-interest, the U.S. Trustee or the Assistant U.S. Trustees for the District of Delaware and attorneys employed by such office, or any judge in the United States Bankruptcy Court for the District of Delaware.  Morrison & Foerster believes it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as used in section 328(c) of the Bankruptcy Code.  To the extent that Morrison & Foerster is determined to have a conflict with respect to a particular client or matter, the Committee will utilize separate conflicts counsel.

20.    The Committee believes that the employment of Morrison & Foerster is necessary, in the best interests of the Debtors' estates, and will enable the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

21.    As set forth in the Goren Declaration, Morrison & Foerster has represented, currently represents, and will likely in the future represent certain parties-in-interest or potential parties-in-interest in these chapter 11 cases in matters unrelated to the Debtors, the chapter 11 cases, or such entities' claims against the Debtors, as part of its customary practice.  Morrison & Foerster is retained in cases, proceedings, and transactions involving many different parties throughout the United States and worldwide, some of whom may represent or be employed by

the Debtors, claimants, and parties-in-interest in these chapter 11 cases.  Pursuant to section 1103(b) of the Bankruptcy Code, Morrison & Foerster is not disqualified from acting as the Committee's counsel merely because it previously represented or currently represents the Debtors' creditors, or other parties-in-interest, in matters unrelated to the Debtors or these chapter 11 cases.

22.     Morrison & Foerster has advised the Committee and the U.S. Trustee that it will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise and, if any new relevant facts or relationships are discovered or arise, Morrison & Foerster will use reasonable efforts to identify such further developments by filing a supplemental declaration.

23.     For these reasons, the Committee submits that the relief requested in the Application is appropriate and should be granted by this Court.

## IV.  Employment of Morris James LLP

24.     By separate motion, the Committee is also seeking approval to employ Morris James LLP ("Morris James") to serve as its co-counsel in these chapter 11 cases.  The Committee believes that, if this Court approves the employment of Morrison & Foerster and Morris James, these firms will allocate their delivery of services to the Committee appropriately so as to avoid any unnecessary duplication of services.  Moreover, the Committee believes that the efficient allocation of responsibility for legal matters in these chapter 11 cases between Morrison & Foerster and Morris James will reduce the cost of monitoring this proceeding, as well as the time and expense associated with travel by Morrison & Foerster with respect to matters that can be handled as effectively by Morris James.  It is the carefully considered view of the Committee that, considering the size and complexity of these chapter 11 cases and the

various interests involved, representation of the Committee by Morrison & Foerster and Morris James is necessary, advisable, and in the best interests of the Committee.

## NOTICE

25.     Notice of this Application has been provided to: (a) Cole Schotz, P.C. as counsel to the Debtors; (b) the Office of the U.S. Trustee for the District of Delaware; (c) counsel to the Debtors' prepetition secured lenders; (d) counsel to the DIP Agents; (e) the Internal Revenue Service, the Securities and Exchange Commission, and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the Court; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the filing of this Application.  In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Application is required.

## NO PRIOR REQUEST

26.     No previous application for the relief requested herein has been made to this or any other court.


[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court: (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as the Court may deem just and proper.

Dated: July 7, 2020

<div style="margin-left:40%">

Respectfully submitted,

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF CLOUD PEAK
ENERGY INC., *ET AL.*

By: */s/ Jay N. Rosenberg*
Jay N. Rosenberg
President and CEO, Rosenberg Media
Chair of the Committee

</div>