# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LVI INTERMEDIATE HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter: 11<br><br>Case No. 20-11413 (KBO)<br>(Jointly Administered)<br><br>**Re: D.I. \_\_\_\_** |

## ORDER GRANTING APPLICATION
## AUTHORIZING AND APPROVING THE EMPLOYMENT OF
## MORRIS JAMES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS *NUNC PRO TUNC* TO JUNE 16, 2020

Upon consideration of the Application for Entry of an Order Authorizing and Approving the Employment of Morris James LLP ("Morris James") as Counsel for the Official Committee of Unsecured Creditors (the "Committee"), *Nunc Pro Tunc* to June 16, 2020 (the "Application"),[2] upon the Declaration of Jeffrey R. Waxman, an attorney with Morris James, in support of the Application (the "Waxman Declaration"), and upon the Declaration of Jay Rosenberg, in support of the Application (the "Rosenberg Declaration"); the Court being satisfied based on the representations made in the Application and in the Waxman Declaration that said attorneys represent no interest adverse to the Committee, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code, and that their employment is necessary and would be in

---

[1] The Debtors in these cases, along with the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674);Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Vision Centers, LLC (8271); TLC Whitten Laser Eye Associates, LLC (0182); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

the best interests of the Committee, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.  The Application is GRANTED as set forth herein.

2.  Pursuant to sections 328 and 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain Morris James as counsel, *nunc pro tunc* to June 16, 2020.

3.  Morris James shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Bankruptcy Rules, and such other orders as this Court may direct.

4.  Morris James shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases") in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court. Morris James also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with this Application and the interim and final fee applications to be filed by Morris James in these chapter 11 cases.

5.  In connection with the Chapter 11 Cases, Morris James shall be compensated for professional services rendered, and reimbursed for expenses in accordance with Sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Local Bankruptcy Rules, and with any other applicable procedures and orders of this Court.

11835752/1

3

6. Consistent with the Revised U.S. Trustee Fee Guidelines, Morris James shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. No agreement or understanding exists between Morris James and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall Morris James share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Section 504 of the Bankruptcy Code.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implemental of this Order.