**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LVI INTERMEDIATE HOLDINGS, INC., *et al.*,<br><br>Debtors.[1] | Chapter: 11<br><br>Case No. 20-11413 (KBO)<br>(Jointly Administered)<br><br>Obj. Deadline: July 21, 2020 at 4:00 p.m. (ET)<br>Hearing Date: July 28, 2020 at 1:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 1103 AND 328 AND BANKRUPTCY RULE 2014(A) (I) APPROVING THE EMPLOYMENT AND RETENTION OF GAVIN/SOLMONESE LLC *NUNC PRO TUNC* TO JUNE 23, 2020, AS FINANCIAL ADVISOR TO THE COMMITTEE**

The Official Committee of Unsecured Creditors (the "Committee") of the estates of LVI Intermediate Holdings, Inc. et al hereby files this application (the "Application") for an Order, pursuant to Sections 1103 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Gavin/Solmonese LLC ("Gavin/Solmonese") as Financial Advisor to the Committee *nunc pro tunc* to June 23, 2020. In support of the Application,

---

[1] The Debtors in these cases, along with the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674);Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Vision Centers, LLC (8271); TLC Whitten Laser Eye Associates, LLC (0182); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

the Debtors relies upon the *Declaration of Edward T. Gavin, CTP in Support of the Application of the Official Committee of Unsecured Creditors for an Order Under Bankruptcy Code Sections 1103 and 328 and Bankruptcy Rule 2014(a) (I) Approving the Employment and Retention of Gavin/Solmonese LLC Nunc Pro Tunc to June 23, 2020 as Financial Advisor to the Committee*, attached hereto as <u>Exhibit A</u> (the "Gavin Declaration"), and respectfully represents as follows:

## JURISDICATION

1. This Court has jurisdiction over this case, the Debtors, property of the Debtors' estates and this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. LVI Intermediate Holdings, Inc. et al (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 29, 2020. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors operate their businesses as Debtors-in-possession. No trustee or examiner has been appointed in these cases.

4. On June 12, 2020, the Office of the United States Trustee, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee.

5. By this Application, the Committee seeks to employ and retain Gavin/Solmonese as its financial advisor during these Chapter 11 cases effective as of June 23, 2020,

the date the Committee selected Gavin/Solmonese as its financial advisor and Gavin/Solmonese began to work on behalf of the Committee.

### RELIEF REQUESTED

6. The Committee desires to retain and employ Gavin/Solmonese as its financial advisor in these Chapter 11 cases. Accordingly, by this Application, the Debtors respectfully requests the entry of an order, pursuant to Sections 1103 and 328 of the Bankruptcy Code, authorizing the employment and retention of Gavin/Solmonese as its financial advisor to perform the advisory services that will be necessary during these Chapter 11 cases.

### GAVIN/SOLMONESE'S QUALIFICATIONS

7. The Committee has selected Gavin/Solmonese based on Gavin/Solmonese's experience in providing financial advisory services in Chapter 11 cases and based on Gavin/Solmonese's familiarity with the Debtors' businesses.

8. The Committee has been advised that: (i) Gavin/Solmonese is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors; (ii) Gavin/Solmonese has extensive experience working with financially troubled entities in complex financial reorganizations – both in Chapter 11 cases and in out-of-court restructuring situations and; (iii) in particular, Gavin/Solmonese and its employees have served, or are serving, as financial advisors to numerous debtors-in-possession and official committees in bankruptcy proceedings.

## **FINANCIAL ADVISORY SERVICES TO BE PROVIDED**

9. The Committee seeks the employment of Gavin/Solmonese to provide financial and asset sale advisory services including, but not limited to, the following:

   a) Reviewing and analyzing the business, management, operations, properties, financial condition and prospects of the Debtor;

   b) Reviewing and analyzing historical financial performance, and transactions between and among the Debtor, its creditors, affiliates and other entities;

   d) Reviewing the assumptions underlying the business plans and cash flow projections for the assets involved in any potential asset sale or plan of reorganization;

   d) Determining the reasonableness of the actual or projected performance of the Debtor, both historically and future;

   e) Monitoring, evaluating and reporting to the Committee with respect to the Debtor's near-term liquidity needs, material operational changes and related financial and operational issues;

   f) Reviewing and analyzing all material contracts and/or agreements;

   g) Assisting and procuring and assembling any necessary validations of asset values;

   h) Providing ongoing assistance to the Committee and the Committee's legal counsel;

   i) Evaluating the Debtor's capital structure and making recommendations to the Committee with respect to the Debtor's efforts to reorganize its business operations and/or confirm a restructuring or liquidating plan;

j) Assisting the Committee in preparing documentation required in connection with creating, supporting or opposing a plan and participating in negotiations on behalf of the Committee with the Debtor or any groups affected by a plan;

k) Assisting the Committee in marketing the Debtor's assets with the intent of maximizing the value received for any such assets from any such sale;

l) Providing ongoing analysis of the Debtor's financial condition, business plans, capital spending budgets, operating forecasts, management and the prospects for its future performance, and;

m) Such other tasks as the Committee or its counsel may reasonably request in the course of exercise of the Committee's duties in these cases.

10. To the best of the Committee's knowledge, information and belief, except as set forth in the Gavin Declaration and except as set forth herein, Gavin/Solmonese has no connection with, and holds no interest adverse to, the Debtor, its estate, its creditors, or any party in interest in this case, nor to the best of the Committee's knowledge does Gavin/Solmonese hold any interest adverse to the interests of the Committee or Debtors' creditors, except as set forth in the Gavin Declaration.

**COMPENSATION AND REIMBURSEMENT**

11. Subject to the approval of this Court, Gavin/Solmonese will charge the Committee for its advisory services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered, subject to periodic adjustments. The Committee has been advised by Gavin/Solmonese that the current hourly rates, which will be charged in respect of the primary members of the Gavin/Solmonese

engagement team for the Committee, are as follows:

        Edward T. Gavin, CTP        $750.00 /hour

        Stanley Mastil        $500.00 /hour

12. From time to time, other Gavin/Solmonese professionals may be involved in these cases as needed. Hourly rates for these professionals range from $250.00 to $750.00 per hour. Reasonable non-working travel time will be charged at one-half of the applicable hourly rate unless actual work is performed during such travel time, in which case the full hourly rate will be charged.

13. The Committee has requested, and Gavin/Solmonese has agreed to cap its fees at $50,000 per calendar month.

14. In addition to hourly rates previously referred to and subject to the approval of this Court, Gavin/Solmonese will also request reimbursement from the Debtors' estates for its travel and other reasonable out-of-pocket expenses including, but not limited to, messenger, delivery, telephone, facsimile, photocopy and other similar charges, in connection with, or arising out of Gavin/Solmonese's activities under this engagement, including but not limited to its due diligence investigation and review. Gavin/Solmonese will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which Gavin/Solmonese seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court.

15. Based on the foregoing, the Committee believes that the employment of Gavin/Solmonese is necessary, appropriate and in the best interests of the estates, enabling

the Committee to carry out its fiduciary duties owed to creditors under the Bankruptcy Code.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit B, (i) authorizing the employment and retention of Gavin/Solmonese as financial advisor and asset sale advisor to the Debtors, *nunc pro tunc* to June 23, 2020, pursuant to sections 1103 and 328 of the Bankruptcy Code, and (ii) for such other and further relief as the Court deems proper and just.

Dated: July 7, 2020
Wilmington, Delaware

                              Respectfully submitted,

                              The Official Committee of Unsecured Creditors of
                              LVI Intermediate Holdings, Inc. et al


                              */s/ Jay Rosenberg*
                              Chair: Jay Rosenberg