## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LVI INTERMEDIATE HOLDINGS, INC., | ) | |
| *et al.*,[1] | ) | |
| | ) | Case No. 20-11413 (KBO) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

## OBJECTION OF CENTURYLINK COMMUNICATIONS, LLC
## TO PROPOSED CURE AMOUNT

CenturyLink Communications, LLC, including its parents, subsidiaries, and affiliates, including Level 3 Communications, LLC (collectively "CenturyLink") hereby objects to the cure amounts and the lack of specificity set forth in the *Notice of (I) Potential Assumption of Executory Contracts and Unexpired Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* [ECF No. 267] (the "Cure Notice") as it fails to provide the proper amount to cure all pre- and post-petition amounts, including administrative claims, owed to CenturyLink per 11 U.S.C. §§ 365(b)(1), 503(b)(1), and 365(d)(5). In support of its objection, CenturyLink states as follows:

### INTRODUCTION

CenturyLink delivers telecommunications solutions to the above-captioned debtors (the "Debtors") under various agreements (the "Agreements"). In the Cure Notice, the Debtors sought to establish the cure amount for potentially assuming and assigning the Agreements. Although

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

CenturyLink does not generally oppose any assumption and assignment of the Agreements, CenturyLink objects to such to the extent that: (1) the proposed cure amounts fail to satisfy all existing defaults under all of the Agreements in accordance with 11 U.S.C. § 365(b); and (2) the Debtors' Cure Notice does not specify the precise Agreements the Debtors wish to assume and assign.

**FACTS**

1.      CenturyLink delivers telecommunications solutions in the form of telecommunications equipment and services to the Debtors under the Agreements.

2.      On May 29, 2020, the Debtors filed voluntary petitions for relief with this Court under Chapter 11 of the Bankruptcy Code.

3.      The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.      Prior to the Petition Date, and throughout this bankruptcy, CenturyLink provided the Debtors with telecommunications equipment and services pursuant to the Agreements.

5.      On June 27, 2020, debtor Total Vision Institute, LLC filed its Summary of Assets and Liabilities for Non-Individuals, which lists CenturyLink with an unsecured claim of $367.33. [ECF 215, p. 39/93, line 3.34].

6.      Similarly, debtor The LASIK Vision Institute, LLC filed its Summary of Assets and Liabilities for Non-Individuals on June 27, 2020, which lists Level 3 Communications, LLC with an unsecured claim of $726.57. [ECF 217, p. 120/282, line 3.170]. It also listed CenturyLink with an unsecured claim of $300,579.27. [ECF 217, p. 217/282, line 3.76].

7.    Debtor TLC Vision Center Holdings, LLC also filed its Summary of Assets and Liability for Non-Individuals on June 27, 2020, and listed CenturyLink with an unsecured claim for $416.89. [ECF 221, p. 52/167, line 3.81].

8.    On July 1, 2020, the Debtors filed the Cure Notice which proposes $0.00 to cure an "IT Licensing Agreement" with CenturyLink, and $726.57 to cure an "IT Licensing Agreement" with Level 3 Communications, LLC.

## LIMITED OBJECTION

9.    CenturyLink does not oppose the assumption and assignment of the Agreements provided that it receives the proper cure required by 11 U.S.C. § 365.

10.    Furthermore, CenturyLink does not oppose the assumption and assignment of the Agreements conditioned upon the Debtors specifying the exact account numbers and corresponding agreements the Debtors wish to cure and assume and assign.

11.    CenturyLink's records indicate that the amounts listed in the Cure Notice are insufficient to cure the debt owed to CenturyLink in order to assume and assign all known Agreements.  The Debtors currently owe $490,555.65 for outstanding pre-petition services, and $71,320.41 for outstanding post-petition services.

12.    The total amount owed to CenturyLink is $561,876.06.

13.    The Debtors owe the following amounts for each account with CenturyLink:

| No. | Account Number | Debtors' Party | Cure Amount Owed |
|-----|----------------|----------------|------------------|
| 1 | 5-GPNF4NKL-A | The Lasik Vision Institute, LLC | $46,640.30 |
| 2 | 5-CSNPSFBR-A | Lasik Vision Institute | $321.00 |

| 3 | 7012324681124-CRISE | TLC Laser Eye Center | $461.30 |
|---|---|---|---|
| 4 | 5058219961119-CRISC | Bernitsky Vision | $737.25 |
| 5 | 4805632377635-CRISC | Millennium Vision, Inc. | $0.00 |
| 6 | 3193932840533-CRISE | TLC Laser Eye Center | $0.00 |
| 7 | 67420332-LATIS | The Lasik Vision Institute, LLC | $492,964.99 |
| 8 | 67420332 | The Lasik Vision Institute, LLC | $4,989.62 |
| 9 | 89367817-LATIS | The Lasik Vision Institute | $279.10 |
| 10 | 70635728-LATIS | TLC Vision Corp. | $11,001.84 |
| 11 | 84205265-LATIS | TLC Vision | $4,480.66 |

14.     True and correct copies of the invoices for the outstanding amounts are attached

as **Exhibit A**.

15.     11 U.S.C. § 365(b)(1) states, in pertinent part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

16.      A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the

agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D.

Del. 2005). Accordingly, unless and until the Debtors cure the balance owed to CenturyLink in

full for all of the Agreements, the Debtors cannot assume and assign any of the Agreements.

17.      Section 503(b)(1) of the Bankruptcy Code provides in relevant part:

> (b) After notice and hearing, there shall be allowed,
> administrative expenses, other than claims allowed under
> section 502(f) of this title, including—
>> (1)(A) the actual necessary costs and expenses of
>> preserving the estate. . . .

11 U.S.C. § 503(b)(1).

18.      Because the Debtors required the benefits of the Agreements and CenturyLink's

telecommunications equipment and services post-petition so that their businesses could function,

the expenses incurred arose post-petition and establish a post-petition transaction between the

Debtors and CenturyLink.

19.      The Debtors' reliance on CenturyLink during these proceedings is further

evidenced by the fact that the Debtors listed CenturyLink as a utility provider in the *Debtors'

Motion for Entry of Interim and Final Orders (I) Approving Debtors' Proposed Form of

Adequate Assurance of Payment; (II) Establishing Procedures for Resolving Objections by

Utility Companies; and (III) Prohibiting Utility Companies from Altering, Refusing or

Discontinuing Services* [ECF 12, p. 11/15].

20.      Section 503(b)(1) is intended "to provide an incentive for creditors to continue

doing business with a debtor and an incentive for others to engage in business transactions with

the debtor." 4 *Collier on Bankruptcy*, 503.06[2] (16th ed. 2020). CenturyLink acted in

accordance with the policies behind the statute and provided critical support to the Debtors.

21.     Alternatively, 11 U.S.C. § 365(d)(5) requires the Debtors to "timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property . . . until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title . . . ."

22.     The telecommunications equipment and services delivered by CenturyLink to the Debtors include private telecommunications lines in the forms of loops and private IQ ports – personal property – among other types of potential personal property.

23.     Courts recognize that analyses entitling § 365(d)(3) claims to administrative claim treatment under § 503(b) are applicable to § 365(d)(5) claims as well. *In re Bella Logistics LLC*, 583 B.R. 674, 681, n.7 (Bankr. W.D. Tex. 2018).

24.     CenturyLink does not seek more than the amounts due under the relevant invoices as a cure. CenturyLink reserves the right to amend the cure amount demanded, reserves its rights under the Agreements and the Bankruptcy Code, and intends to work with the Debtors to reach an agreement as to the precise account numbers and amounts necessary to fully cure the Agreements.

WHEREFORE, CenturyLink respectfully requests that this Court enter an Order: (i) conditioning the assumption and assignment of all of the Agreements upon the payment of the cure amount described herein; (ii) conditioning any assumption and assignment on the Debtors disclosing the precise account numbers and corresponding agreements the Debtors wish to cure and assume and assign; and (iii) granting such other and further relief as this Court deems equitable and proper.

Dated: July 15, 2020                              Respectfully submitted,

/s/ *Henry J. Jaffe*
Henry J. Jaffe (DE 2987)
Kenneth A. Listwak (DE 6300)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: henry.jaffe@troutman.com
            kenneth.listwak@troutman.com

Edwin H. Caldie (MN Bar No. 0388930)
Kevin P. Kitchen (MN Bar No. 0399297)
Logan R. Kugler (MN Bar No. 0400866)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Email: ed.caldie@stinson.com
            kevin.kitchen@stinson.com
            logan.kugler@stinson.com

*Counsel for CenturyLink Communications, LLC*