IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LVI INTERMEDIATE HOLDINGS, INC., et al.[1] | ) | Case No. 20-11413 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 267** |

### OBJECTION BY BALOGH FAMILY PARTNERSHIP II, LLC TO NOTICE OF POTENTIAL ASSUMPTION OF LEASE AND RESERVATION OF RIGHTS

Balogh Family Partnership II, LLC ("BFP"), by and through undersigned counsel, hereby files this objection and reservation of rights (the "Objection") to the potential assumption of lease between BFP and debtor, The LASIK Vision Institute, LLC (the "Debtor") and cure amount as set forth in the *Notice of (I) Potential Assumption of Executory Contracts and Unexpired Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* [Docket No. 267] (the "Cure Notice"). In support hereof, BFP respectfully represents as follows:

1. On May 29, 2020 (the "Petition Date"), the captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtors continue to operate as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); LVI Missouri, LLC (7088); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); and TLC The Laser Center (Institute), LLC (0959). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

1

3.  BFP, as successor to Fund VIII Pointe Broward, L.P., as lessor, and the Debtor, as lessee, are parties to an unexpired lease agreement of nonresidential real property dated December 12, 2012, as extended on February 27, 2020 (collectively, the "Lease") for the premises located at 8211 West Broward Blvd., Suite #PH2-5th Floor, Plantation, FL 33324 (the "Premises"). A true and correct copy of the Lease is attached hereto as **Exhibit A**.

4.  Prior to the Petition Date, the Debtor failed to pay rent due under the Lease. Because of such default, BFP retained counsel and filed suit against the Debtor in the County Court in and for Broward County, Florida, Case No. COCE-20-010002 seeking possession of the Premises (the "Eviction Action"). The Eviction Action was stayed upon the filing of the bankruptcy cases pursuant to 11 U.S.C. § 362.

5.  BFP also retained undersigned counsel to enforce the Lease in these bankruptcy cases.

6.  Pursuant to section 44 of the Lease, BFP is entitled to be reimbursed reasonable attorneys' fees and all other costs and expenses incurred in connection with the Debtor's default or bankruptcy. *See* Lease at § 44.

7.  As of June 30, 2020, the Debtor was indebted to BFP under the Lease in an amount not less than **$13,120.64** as detailed in the account statement attached hereto as **Exhibit B**. The account statement includes charges for BFP's reasonable attorneys' fees.

8.  Pursuant to the *Order (A) Approving Bid Procedures Relating to the Sale of All or Substantially All of the Assets of the Debtors, (B) Establishing Procedures in Connection with the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Approving Notice Procedures, and (D) Granting Related Relief* [Docket No. 209], the Debtors are attempting to sell substantially all of their assets pursuant to a bidding and auction process.

9. As part of the sale process, on March 4, 2020, the Debtors filed the Cure Notice which identifies the Lease as an unexpired lease that may be assumed by a buyer and lists the proposed cure amount at $9,860.05.

**OBJECTION**

10. BFP objects to the proposed assumption and assignment of the Lease as the cure amount is incorrect and must include amounts due under the Lease prior to assumption, including BFP's reasonable attorneys' fees. Additionally, BFP objects to the extent the Debtor and/or proposed assignee does not comply with all the requirements of Section 365(b) and (f) of the Bankruptcy Code.

11. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease on which there has been a default unless it: (a) cures, or provides adequate assurance that the default(s) will be promptly cured; (b) compensates or provides adequate assurance that any pecuniary loss of the counterparty resulting from the default(s) will be promptly compensated; and (c) provides adequate assurance of future performance under the unexpired lease. *See* 11 U.S.C. § 365(b)(1).

12. The concept of pecuniary loss includes compensation for attorneys' fees due under the Lease. *See In re Crown Books Corp.,* 269 B.R. 12, 15 (Bankr. D. Del. 2001) ("[C]ourts have held that attorneys' fees are recoverable as part of a cure claim only if the contract or lease specifically requires their payment.") (*citing In re Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993).

13. Pursuant to 11 U.S.C. § 365(f)(2)(A), a debtor may not assign an unexpired lease unless it first assumes the lease in accordance with the provisions of 11 U.S.C. § 365. Thus, to the

extent a lease is assumed and assigned, the buyer must take the assignment of the lease subject to all terms and conditions, as well as pay all outstanding obligations owing under the lease.

14. BFP objects because the amount set forth in the Cure Notice does not reflect the outstanding balance due and owing to BFP under the Lease, and the proposed cure amount also does not account for accrued but unbilled charges which may come due in the future.

15. Therefore, the cure amount in the Cure Notice for the Lease is incorrect and must be modified to reflect the additional charges owing which as of June 30, 2020 was **$13,120.64**, as well as recognize the liability of the Debtor and/or the assignee to pay all other amounts that will become due and owing under the Lease prior to assumption, including BFP's reasonable attorneys' fees and costs in this case.

16. BFP further objects and reserves its rights to the extent that amounts that may become due under the Lease after the Lease is assumed but which may relate to the pre-assumption period (including, without limitation, real estate tax and common area maintenance reconciliations) that are not treated as the obligation of the assignee of the Lease due and payable in the ordinary course of business under the Lease after assignment.

17. In addition, the Lease provides that the Debtor must indemnify and hold BFP harmless with respect to any existing claims that may not become known until after the assumption and assignment of the Lease (*i.e.*, personal injury claims, removal of hazardous substances). *See* Lease at §20. Thus, any order approving the assumption and assignment of the Lease must provide that assignment is pursuant to all of the terms of the Lease and that any assignee will continue to be responsible for all such indemnification obligations regardless when the acts giving rise to such obligations occurred. BFP further objects and reserves its rights, to the extent any assignment seeks to cut off indemnification obligations under the Lease.

**Joinder and Reservation of Rights**

18.BFP fully reserves all rights in respect of any proposed assumption and assignment of the Lease including, without limitation, to (a) supplement and/or amend this Objection and to assert any additional objections; (b) amend the cure amount for the Lease to include amounts that have not yet been billed or have not yet become due under the Lease; (c) assert any nonmonetary defaults under the Lease; and (d) object to adequate assurance of future performance of the proposed assignee under 11 U.S.C. § 365.

19.BFP also hereby joins in the objections raised by the other similarly situated landlords in this case to the extent not inconsistent herewith.

WHEREFORE, BFP respectfully requests the Court sustain this Objection and (i) condition the Debtor's assumption and assignment of the Lease on payment in full of all of the Debtor's obligations under the Lease through the date of assumption and assignment including reasonable attorneys' fees and costs incurred by BFP, (ii) include in any order approving the assumption and assignment of the Lease language confirming that the proposed assignee will continue to be responsible for all obligations under the Lease including amounts that may become due after the assignment regardless of when the acts giving rise to such obligations occurred, and (iii) grant further relief as the Court may deem proper and just.

Dated:  July 15, 2020Respectfully Submitted,

FERRY JOSEPH, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (Bar No. 2678)
824 Market Street, Ste. 1000
Wilmington, Delaware 19801
Tel: (302) 575-1555
Fax: (302) 575-1714
Email: ttacconelli@ferryjoseph.com

*Local Counsel to Balogh Family Partnership II, LLC*

and

JONES LAW OFFICE, P.A.
Jason Z. Jones, Esq. (Fl. Bar No. 186554)
9130 S. Dadeland Blvd., Suite 1209
Miami, FL 33156
Tel: (305) 918-2299
Fax: (305) 938-5040
Email: jjones@joneslawpa.com

*Counsel for Balogh Family Partnership II, LLC*