IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> LVI INTERMEDIATE HOLDINGS, INC., *et al.*, <br><br> Debtors. | Chapter 15 <br><br> Case No. 20-11413 (KBO) <br><br> (Jointly Administered) <br><br> **Objection Deadline: July 15, 2020 by 4:00 p.m. (ET)** <br> **Hearing Date: July 28, 2020 at 1:00 p.m. (ET)** <br><br> **Related to Docket Nos. 209 and 267** |

**OBJECTION OF THE EYE CLINIC OF NORTH DAKOTA, P.C.
TO POTENTIAL ASSUMPTION AND/OR
ASSIGNMENT OF LEASE AND CURE AMOUNT**

The Eye Clinic of North Dakota, P.C. ("Eye Clinic of ND"), by its undersigned counsel, hereby files this Objection to the potential assumption of lease and cure amount for Eye Clinic of ND ("Objection") as set forth in the Debtors' July 1, 2020 Notice of (i) Potential Assumption of Executory Contracts and Unexpired Leases, (ii) Fixing of Cure Amounts, and (iii) Deadline to Object Thereto (the "Cure Notice") [Docket No. 267], relating to the June 25, 2020 Bid Procedures Order [Docket No. 209], and states:

1. Eye Clinic of ND files this objection to assumption and assignment of the property lease agreement referenced in the Cure Notice, known as the "Services Agreement and Site Sublease" dated October 1, 2013 (hereinafter the "Site Sublease") on the basis that (i) the Debtor TLC Vision Centers, LLC is not a party to the Site Sublease and thus cannot assign the Site Sublease; (ii) the proposed cure amount is incorrect, and (iii) the Debtors have failed to provide adequate assurance of future performance.

The Debtors are not a Party to the Site Sublease

2. The Site Sublease is between Eye Clinic of ND (identified in the Site Sublease as "Practice") and Bismarck Refractive, LLC, a Delaware Limited Liability Company (identified in

the Site Sublease as "Tenant"). The property that is the subject of the Site Sublease is located in Bismarck, North Dakota. A true and correct copy of the Site Sublease is annexed hereto as **Exhibit A** and terms of the same incorporated herein by reference.

3. Debtors, in the Cure Notice at page 18, identify the parties to a "property lease agreement" (which is presumably the Site Sublease) as being between Debtor TLC Vision Centers, LLC and The Eye Clinic of North Dakota P.C.

4. Debtor TLC Vision Centers, LLC is not a party to the Site Sublease and therefore cannot seek to assign it through these Chapter 11 bankruptcy cases.

The Proposed Cure Amount is Incorrect

5. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Debtors must cure or provide adequate assurance that the Debtors will promptly cure a default before the Debtors can assume an executory contract or unexpired lease.

3. The Cure Notice identifies a cure amount of $3,169.01. [Doc. 267, page 18] This is correct with respect to the rents owing under the Site Sublease.

4. However, as of the date of filing the bankruptcy case (May 29, 2020), Bismarck Refractive, LLC, as the tenant under the Site Sublease, also owes an approximate amount of $10,000 to Eye Clinic of ND for Personnel Expenses which are also due and owing under the Site Sublease as of May 29, 2020 (the "Additional Prepetition Cure Amount"). See Exhibit A, ¶¶ 2.2, 4.1. Additional sums would be owing postpetition for Personnel Expenses but Eye Clinic of ND is unable to identify the true amount of Personnel Expenses either prepetition or postpetition because Debtor TLC Vision Centers, LLC has not provided the quarterly reports that calculate said Personnel Expenses.

5. Accordingly, Eye Clinic of ND requests that the Bankruptcy Court order the Debtors to provide the quarterly reports that would correctly identify and calculate the Personnel Expenses owed under the Site Sublease (both prepetition and post petition) and pay said Personnel Expenses in connection with the assumption and assignment of the Site Sublease, plus any rents and Personnel Expenses that may become due and owing prior to the closing of the sale.

<u>The Debtors Have Failed to Provide Adequate Assurance of Future Performance</u>

6. Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code require that a debtor provide adequate assurance of future performance to a counterparty whose executory contract or unexpired lease is being assumed and assigned.

7. The Debtors have not provided any information at this time as to potential assignees of the Site Sublease and thus, Eye Clinic of ND reserves all rights with respect to objections relating to adequate assurance of future performance.

**<u>Reservation of Rights</u>**

8. Eye Clinic of ND reserves the right to modify, supplement and/or amend this objection as further information becomes available to it, including as to any changes to amounts that may be currently due.

**<u>Conclusion</u>**

9. For the foregoing reasons, Eye Clinic of ND respectfully requests that the Bankruptcy Court deny any request by the Debtors to assume and assign the Site Sublease because none of the Debtor entities are a party to said lease.

10. In the event the Court were to allow the assumption and assignment of the Site Sublease, Eye Clinic of ND respectfully requests this Court enter an Order: (i) conditioning the assumption and assignment of the Site Sublease upon payment of the cure amounts described

herein; (ii) condition any assumption and assignment on the Debtors' disclosure of the quarterly reports that calculate the Personnel Expenses owing under the Site Sublease; and (iii) granting such other and further relief as this Court deems equitable and proper.

Dated: July 15, 2020          **CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (DE 3279)
1201 North Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

-and-

Caren W. Stanley (ND #06100)
**VOGEL LAW FIRM**
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Telephone: 701.237.6983
Email: cstanley@vogellaw.com

ATTORNEYS FOR EYE CLINIC OF NORTH DAKOTA, P.C.