## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| LVI INTERMEDIATE HOLDINGS, INC., et al.,* | Case No. 20-11413-KBO |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: July 15, 2020 at 4:00 p.m. |
| | Hearing Date: July 28, 2020 at 1:00 p.m. |
| | **Re: Docket No. 267** |

## OBJECTION OF SYNCHRONY BANK TO DEBTORS' NOTICE OF (I) POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) FIXING OF CURE AMOUNTS, AND (III) DEADLINE TO OBJECT THERETO

Synchrony Bank ("**Synchrony**"), by and through its undersigned counsel, hereby objects to the *Debtors' Notice of (I) Potential Assumption of Executory Contracts and Unexpired Leases, (II) Fixing Cure Amounts, and (III) Deadline to Object Thereto* (the "**Notice**") [D.I. 267] and in support thereof hereby avers as follows:

### BACKGROUND

1.      LVI Intermediate Holdings, Inc. ("**LVI**") and its affiliates (collectively the "**Debtors**") initiated these bankruptcy proceedings by the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 29, 2020 (the "**Petition Date**").

2.      On June 25, 2020, the Bankruptcy Court entered an order [D. I. 209] (the "**Bid Procedures Order**") on the Debtors' motion (i) approving the bid procedures (as modified or

---

* The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax-identification number, include: LVI Intermediate Holdings, Inc., (7674); Total Vision Institute, LLC (7571); QualSight, LLC (3866); The LASIK Vision Institute, LLC (7564); Cataract Vision Institute, LLC (7697); Healthcare Marketing Services, LLC (9982); Cataract Vision Institute Florida, LLC (3423); TLC Vision Center Holdings, LLC (5400); TLC Whitten Laser Eye Associates, LLC (0182); TLC Vision Centers, LLC (8271); TruVision, LLC (3399); TruVision Contacts, LLC (3399); Laser Eye Surgery, LLC (3448); TLC Laser Eye Centers (Refractive I), LLC (2702); TLC The Laser Center (Pittsburgh) L.L.C. (2881); TLC The Laser Center (Indiana) LLC (8456); TLC The Laser Center (Institute), LLC (0959); and LVI Missouri, LLC (7088). The Debtors' executive headquarters are located at 1555 Palm Beach Lakes Blvd., Suite 600, West Palm Beach, Florida 33401.

amended, the "**Bid Procedures**") for the sale of all or substantially all of the Debtors' assets (the "**Assets**"), (ii) establishing procedures in connection with the Debtors' potential assumption and/or assignment to a successful bidder of certain executory contracts and unexpired leases and the corresponding cure amounts (the "**Cure Amounts**") to be paid as part of assumption and/or assignment, (iii) approving the notice procedures to advise parties in interest of the Bid Procedures, the auction of the Assets, the hearing approving the sale of the Assets, and the Debtors intent to assume and/or assign to the successful bidder the contracts and unexpired leases and the corresponding Cure Amounts for such contracts and unexpired leases.

3.       The Debtors filed the Notice in connection with the Bid Procedures Order.

## OBJECTION

4.       Synchrony objects to the Notice because the Debtors have not provided assurance that either the Debtors or any assignee of the Program Agreement (as defined below) will perform, and is capable of performing, the duties owed under the Program Agreement between the Debtors and Synchrony. The Notice expressly states that an assignee will **not** perform indemnification and other obligations arising after the assumption and assignment even if they had not arisen, and therefore could not have been cured by the Debtors, before the assumption and assignment. That is contrary to applicable bankruptcy and non-bankruptcy law.

5.       Synchrony and LVI are parties to an Amended and Restated Professional Program Agreement dated February 10, 2020 (the "**Program Agreement**"). Pursuant to the Program Agreement, Synchrony advances credit to customers of LVI to finance the purchase of goods and services sold by LVI. Under certain circumstances, however, LVI is obligated to compensate Synchrony if the customer validly disputes a charge or if other circumstances occur that are enumerated within the agreement. When that happens, or other obligations arise that are payable

2

by LVI to Synchrony, Synchrony has the right to recoup those obligations against amounts otherwise payable to LVI under the Program Agreement.

6.      Because customers may have the right to dispute charges for weeks or even months after the charges are originally incurred, there may be circumstances in which disputes associated with transactions occurring before LVI's proposed sale of its assets (and corresponding assumption and assignment) only become known to, and subject to reimbursement for the benefit of, Synchrony after the sale (and the corresponding assumption and assignment) has closed.

7.      Under the Notice, the Debtors indicate they may seek to assume the Program Agreement with Synchrony. D.I. 267-1 at 18 (identifying a "Private label credit card program" between LVI and Synchrony) for purposes of assigning the agreement to the successful bidder. The Debtors identified a cure amount of zero. *Id*.

8.      Although the Debtors do not presently owe money to Synchrony for defaulted obligations under the Program Agreement, it is virtually certain that some customers of LVI have the right to dispute, and will dispute, transactions with LVI. Synchrony will receive those disputes, and if they are determined to be valid, then Synchrony will be unable to collect the associated debts. At that point, Synchrony, in accordance with the Program Agreement, should have the right to receive a refund from LVI (or the successful bidder) for amounts advanced to LVI for those transactions, however, this obligation is proposed to be cut-off by the assumption and assignment process detailed by the Debtors in the Notice.

9.      In the ordinary course, including in connection with the customer-programs order (the "**Customer-Programs Order**") entered by the Court in the first days of these proceedings, Synchrony has been able to recoup the refunded amounts from amounts otherwise payable to LVI for new transactions. The Program Agreement expressly gives Synchrony that right. But if the

3

Notice is read literally, Synchrony will no longer be able to do that after the assignment of the Program Agreement. Nothing in the Bankruptcy Code or applicable law authorizes that, as that is an impermissible amendment to the Program Agreement made by the Debtors without the consent of Synchrony.

10.      If the Debtors seek to assume and assign the Program Agreement, Synchrony is entitled to receive assurances that LVI and its successor by assignment will perform all obligations owed under the Program Agreement, including obligations to compensate Synchrony for chargebacks no matter when they arise, including even if they arise before the date of the sale and corresponding assumption and assignment. This is because a contract must be assumed *cum onere* and without modifying any of its terms. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere*."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits.").

11.      That does not change just because LVI proposes to assign the Program Agreement after it is assumed. Section 365 of the Bankruptcy Code requires LVI to cure "defaults." It does not say that assumption or assignment relieves LVI of obligations to cure defaults arising after the date of assumption (or, for that matter, obligations arising before assumption that have not yet matured). Instead, it says that a debtor must provide "adequate assurance of future performance," and it says the same about any assignee. *See* 11 U.S.C. § 365(b)(1)(C), (f)(2)(B).

12.      That is consistent with applicable non-bankruptcy law. LVI cannot assign greater rights than it possesses under the Program Agreement. Any assignee therefore steps into the shoes of LVI under the Program Agreement with all rights and obligations thereunder and subject to all

4

defenses to payment, including rights of setoff and recoupment. *See In re Telephone Warehouse, Inc.*, 259 B.R. 64, 70 (Bankr. D. Del. 2001) (rights of setoff and recoupment preserved notwithstanding assignment or sale of rights to payment); *In re Alliance Health of Ft. Worth, Inc.*, 240 B.R. 699, 704 (N.D. Tex. 1999) ("valid and unqualified assignment operates to transfer to the assignee no greater right or interest than was possessed by the assignor. In other words, there is no question that set-off would have been appropriate had debtor not filed bankruptcy. The fact that debtor assigned its rights has no effect on the set-off right. Neither does the fact that debtor filed bankruptcy.").

13.    Synchrony objects to any suggestion that its rights to recoup amounts due to it under the Program Agreement against any amounts owed by Synchrony—whether those amounts arose or relate to periods pre- or post-petition or pre-or post the assignment of the Program Agreement to a third party—is limited after the assumption of the contract by LVI and its assignment to a purchaser of its assets. Synchrony is entitled to receive or obtain payment for amounts owed under the Program Agreement as provided under, and in the manner set forth in, the Program Agreement, including, without limitation, by way of recoupment or setoff even if the Program Agreement is assumed and assigned.

## RESERVATION OF RIGHTS

14.    Furthermore, because Synchrony has not received any information concerning adequate assurance of future performance, Synchrony reserves all rights to object to the extent that LVI or its successor by assignment are unable to provide adequate assurance of future performance, including with respect to compensating Synchrony for the cost of disputes, and Synchrony reserves all rights to require payment prior to the assumption and assignment of the Program Agreement of any and all amounts due to it under the Program Agreement.

\* \* \*

15.    For the foregoing reasons, the Court should deny the Debtors' request to assume

and assign its agreement with Synchrony to the extent it purports to affect Synchrony's rights under

the Program Agreement.

DATED:  July 15, 2020                    /s/ Raymond H. Lemisch
                                         Raymond H. Lemisch (DE Bar No. 4204)
                                         KLEHR HARRISON HARVEY BRANZBURG LLP
                                         919 N. Market Street, Suite 1000
                                         Wilmington, Delaware 19801
                                         Telephone:  (302) 552-5530
                                         Facsimile:  (302) 426-9193
                                         Email:  rlemisch@klehr.com

                                         -AND-

                                         DAVIS WRIGHT TREMAINE LLP
                                         Hugh McCullough, *pro hac vice* pending
                                         920 Fifth Avenue, Suite 3300
                                         Seattle, Washington 98101
                                         206-622-3150 (telephone)
                                         206-757-7700 (fax)

                                         *Attorneys for Synchrony Bank*

## <u>CERTIFICATE OF SERVICE</u>

I, Raymond H. Lemisch, Esq. of Klehr Harrison Harvey Branzburg LLP, hereby certify that on the 15th day of July 2020, I served a copy of the *Objection of Synchrony Bank Debtors' Notice of (I) Assumption of Executory Contracts and Unexpired Leases, (II) Fixing Cure Amounts, and (III) Deadline to Object Thereto* on the attached service list via electronic mail.

*/s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esq. (DE Bar No. 4204)

SERVICE LIST

Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: David Dean and Norman L. Pernick
Email: DDean@coleschotz.com and NPernick@coleschotz.com

Goldberg Kohn Ltd.
55 East Monroe, Suite 3300
Chicago, IL 60603
Attn: Randall Klein
Email: Randall.Klein@goldbergkohn.com

Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Attn: Robert J. Dehney
Email: rdehney@mnat.com

Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Attn: Todd M. Goren, Mark A. Lightner and Andrew Kissner
Email: tgoren@mofo.com, mlightner@mofo.com, akissner@mofo.com

Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Attn: Eric J. Monzo and Brya M.  Keilson
Email:  emonzo@morrisjames.com and bkeilson@morrisjames.com

Office of the United States Trustee
J. Caleb Boggs Federal Building & Courthouse
844 N. King Street, Room 2207,
Wilmington, DE 19801
Attn: Richard L. Schepacarter
Email: Richard.schepacarter.usdoj.gov.